JUDGE DUVALL
delivered the opinion of the court:
This action was brought by Chinn against Talbott, a constable, and Walters and Jarvis, the sureties on his official bond, for the purpose of recovering the amount of certain fee bills alleged to have been placed in the hands of Talbott, as constable, for collection.
The only question presented by the record is, whether the allegations of the petition are sufficient to authorize or uphold the judgment which was rendered by default against the appellant Walters.
The 4th art. of chap. 20, Rev. Statutes, (p. 187,) prescribes the remedies against constables and their sureties for official defalcations.
Sec. 2 provides in substance that a motion may be made or a suit prosecuted against a constable and his sureties for any money collected by him on an execution, order of sale, fee bill, or other claim put into his hands to collect, and which, on demand, he neglects to pay.
And by sec. 5 it is declared that a constable and his sureties shall in like manner be liable for any fee bill or other claim placed in his hands for collection, which he does not collect, and fails, on demand, to return to the party entitled thereto, with a proper indorsement thereon, within six months from the time it is so placed in his hands for collection. And also for any injury for failing to collect the same, when by proper diligence it might have been collected.
The petition in this case, after setting out in due form the execution of the official bond by the constable and his sureties, and the delivery to the constable of several lists of fee bills for collection, concludes with this allegation: “ The said D. C. Tal-bott, though the money on said fee bills was demanded of him, at six months after the date of his receipts respectively, yet he has failed to pay said H. A. Chinn the amount thereof, with the exception of $176 60, and to return said fee bills. The *502 said Chinn says that he believes said Talbott has collected the money thereon; if he has not, it is bis own neglect and fault. Wherefore he prays judgment on said bond for the balance of the fee bills,” &c.
It is quite clear that the petition does not set out a sufficient cause of action. It assigns no substantial breach of the stipulations of the constable’s bond, or of his official duties as prescribed by the statute. It avers a demand of the money on said fee bills, and the failure of the constable to pay the amount thereof, but it contains no allegation that the money, or any part of it, was collected by the officer. It is true, the plaintiff says “that he believes said Talbott has collected the money • thereon,” but the allegation, in this form, must be deemed wholly immaterial. In the case of Patterson, &c., vs. Caldwell, (decided at the present term,) it was held that “ the rules of ■pleading require that the facts relied upon should be directly and positively alleged, and not stated by way of argument, ■ inference, or belief. Under the Code of Practice, a party is only required to verify his pleadings by an affidavit to the éffect that He believes the statements thereof to be true.. But the statements in the pleadings must be made in direct and positive terms, so that if it be necessary for the other party to respond, he may be enabled to do so in terms equally direct •and positive.” From this principle it results, that the defendants in this case were not bound to controvert the allegation . as made, for, although they might have been able to deny that . the money had been collected on the fee bills, yet they could not have denied, nor could they be required to deny, that the plaintiff believed the fact to be as stated. The consequence is, that no case is made out against the constable or his sureties under the 2d section of the statute referred to.
- Nor are the facts alleged sufficient to charge the defendants with any liability under the 5th section of the statute. The petition merely alleges that the constable had failed “to return said fee bills,” but it is not alleged that the return of them was ■ ever demanded. According to the express terms of the statute, , such demand is indispensable to fix the liability of the officer . and his sureties. The demand stated in the petition refers *503 exclusively to “ the money on said fee Mis,” and not to tbe return of the fee bills themselves. But, furthermore, the liability declared by this section depends upon something more than the failure to return the fee bill upon demand. The officer and his sureties are to be liable for a fee bill which he does not collect, and fails, on demand, to return to the party entitled thereto, “ within six months from the time it is so placed in his hands for collection.” The fair construction and meaning of this language is, that the fee bill is to be returned by the officer within the six months, but that he cannot be rendered liable for a failure in this respect unless a return of it had been previously demanded. So that in every aspect of the case the petition is obviously insufficient to charge the officer with the official delinquency intended to be provided for by this section.
Under the first sub-division of the 5th section the constable is made liable “ for any injury for failing to collect the same, when by proper diligence it might have been collected.” It certainly cannot be supposed that the averment in the petition to the effect that if the constable did not collect the money on the fee bills put into his hands by the plaintiff, it was his own neglect and fault, is sufficient to render the defendants liable under this provision.
Enough has been said to show that the petition in this case is radically and fatally defective. The defects alluded to are not within the class of objections which, under section 123 of the Code, shall be deemed to have been waived by the failure of the defendant to demur or answer; on the contrary, they fall within the exceptions mentioned in that section, and constitute a valid ground of reversal, whether relied upon in the court below or not.
The judgment is therefore reversed, and the cause remanded with leave to the appellee to amend the petition if desired, and for further proceedings in conformity with this opinion.