COMMONWEALTH *vs.* NEELY J. HOLMES.

Essex.    May 7, 1962. — June 11, 1962.

Present: WILKINS, C.J., SPALDING, WILLIAMS, CUTTER, & SPIEGEL, JJ.

*Search and Seizure. Arrest. Evidence,* Competency, Illegally seized material, Relevancy and materiality.

A knife found by police in the pocket of a person's suit was not inadmissible at his subsequent trial for a crime because obtained without a search warrant if it was discovered in a reasonable search incident to a lawful arrest. [525]

A police officer may make an arrest without a warrant if he reasonably believes that the person arrested has committed a felony. [525]

Evidence at the trial of an indictment for assault and battery by means of a dangerous weapon warranted findings that police officers, who, after having been informed of a brawl in which the defendant was involved and another participant received severe cuts, woke up the defendant at his home and found a knife in his pocket as they helped him dress, and who took him with his consent to a hospital to be identified by the other participant and, after questioning there, took him to the police station for further interrogation, reasonably believed that he had committed a felony and in fact arrested him, even though the word "arrest" was not used; and that the arrest was lawful without a warrant. [525–526]

At the trial of an indictment for an assault and battery in the apartment of a witness for the Commonwealth, there was no error in the admission of a question to him on direct examination as to why he had asked the defendant to leave the apartment, to which the witness replied he "just didn't like his attitude, that's all." [526]

INDICTMENT found and returned on January 4, 1962.

The case was tried in the Superior Court before *Dewing,* J.

*Sumner H. Smith* for the defendant.

*John N. Nestor,* Assistant District Attorney, for the Commonwealth.

WILKINS, C.J.   The defendant was convicted of the offence of assault and battery upon one Carter by means of a dangerous weapon, in this case a knife.   G. L. (Ter. Ed.) c. 265, § 15A.   This crime was a felony.   G. L. (Ter. Ed.) c. 274, § 1.   The case was made subject to G. L. c. 278, §§ 33A–33G.   The defendant appealed, and filed an assignment of errors.

1.   Assignments 3, 4, and 5 are based upon the admission in evidence of the knife which, it is asserted, was obtained as the result of an illegal search and seizure by two police officers of the city of Lynn which was made at the defendant's house on October 15, 1961.   The defendant relies upon *Mapp* v. *Ohio,* 367 U. S. 643, which had been decided on June 19, 1961.   So, there is no question as to retroactive effect, as in *Dirring, petitioner,* decided this day, *ante,* 522.

There was, however, no error.   The Commonwealth does not take the position that the officers had either a search warrant or a warrant for the defendant's arrest.   But a search warrant was not required if, as the Commonwealth contends, the knife was discovered in a reasonable search incident to a lawful arrest.   *Agnello* v. *United States,* 269 U. S. 20, 30.   *United States* v. *Rabinowitz,* 339 U. S. 56, 60–64.   *Abel* v. *United States,* 362 U. S. 217, 235–237.

The police officers could arrest the defendant without a warrant if they reasonably believed that he had committed a felony.   *Muniz* v. *Mehlman,* 327 Mass. 353, 356, and cases cited.   The evidence indicates (1) such reasonable belief and (2) that an arrest in fact occurred.   The defendant had spent the day off and on with Carter and one Jordan, at times drinking intoxicating liquor.   In the evening they were in the apartment of Jordan and Carter.   The defendant made two attempts to go upstairs where a girl had a room.   Jordan then ordered him to leave the house, and a brawl ensued during which Carter, who had stepped between the antagonists, received cuts on the head, hand, and chest requiring seventeen stitches.   The defendant drove to his house, where later his wife admitted the two officers, who had received information as to the foregoing.   She

conducted them to a bedroom where the defendant was asleep. They woke him up, asked if there had been a fight, and said that "his name was mentioned," and that they would like to "get it cleared up." While assisting him to dress, they had to hold him up. Upon finding a knife in his pocket as they helped him dress, they asked "if this was the knife he used." He replied, "I don't know; it might be." They said that they were taking him to the hospital to be identified by Carter. He went voluntarily. After questioning at the hospital he was taken to the police station for further interrogation.

(1) The officers clearly could have reasonably believed that the defendant had committed a felony. (2) The facts fall within the rule that "[t]o constitute an arrest there must be either a physical seizure of the person by the arresting officer, or a submission to his authority and control." *Thompson* v. *Boston Pub. Co.* 285 Mass. 344, 349. See *French* v. *Bancroft,* 1 Met. 502, 504; *Whithead* v. *Keyes,* 3 Allen, 495, 501; *Mowry* v. *Chase,* 100 Mass. 79, 85; *Muniz* v. *Mehlman,* 327 Mass. 353, 354–356; Restatement: Torts, §§ 112, 128; Voorhees, Law of Arrest (2d ed.) 59–76. Cf. *Commonwealth* v. *Merrick,* 255 Mass. 510, 512–513. The defendant does not contend that he did not know that he was arrested. He could not rightly do so. *Thompson* v. *Boston Pub. Co., supra,* 349–351.

Although the word "arrest" was not used either at this time or later in the officers' testimony, that was not necessary. *Zimmer* v. *State,* 64 Texas Crim. App. 114, 117. Restatement: Torts, § 128, comment a.

2. The first assignment of error hardly merits discussion. It is to a question asked Jordan on direct examination when called as a witness for the prosecution: "Was there a reason why you asked him [the defendant] to leave?" The answer was, "At that moment, I just didn't like his attitude, that's all." The question was proper. It elicited nothing harmful to the defendant, who even now argues only on the ground of relevancy.

*Judgment affirmed.*