COMMONWEALTH *vs.* LEO PAUL MAYER.

Suffolk.     May 3, 1965. — June 4, 1965.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Search and Seizure. Arrest. Constitutional Law,* Search and seizure, Waiver of constitutional rights. *Waiver.*

Evidence that an experienced police officer who knew it would be unusual for one person to be licensed to carry more than one gun learned from hotel personnel that two guns and loose bullets were in a drawer in a room in the hotel and that the same man had registered for that room

Commonwealth *v.* Mayer.

in the morning and later on the same day had registered under a different name for another room warranted a finding that the officer had had probable cause to believe that that man had committed the felony of carrying a firearm in violation of G. L. c. 269, § 10, so that the officer's arrest of the defendant as that man when he emerged from the second room and a hotel maid said "that's him" was lawful, and an immediate search of the defendant's person was lawful and articles then found on him were admissible at his trial.   [254–255]

A defendant in a criminal case was not entitled to complain of an alleged violation of his constitutional rights with respect to articles seized by a police officer upon a search without a warrant of a room in a hotel while accompanied by the hotel manager where it appeared that the defendant had previously denied to them that he had registered for that room or had been in it.   [255]

FOUR INDICTMENTS found and returned on June 25, 1964, and August 4, 1964.

The cases were heard in the Superior Court by *Brogna, J.*

*Ronald J. Chisholm* for the defendant.

*John T. Gaffney,* Assistant District Attorney, for the Commonwealth.

KIRK, J.   The defendant was found guilty at a trial without jury on three indictments charging him with unlawfully carrying a firearm and on one indictment charging him with armed robbery.   The trial was subject to G. L. c. 278, §§ 33A–33G.   The sole issue presented is whether there was error in denying the defendant's motion to suppress certain evidence which the defendant contends was obtained by the Commonwealth by an illegal search and seizure.

We summarize the evidence bearing on this issue.   About 3 P.M. on June 9, 1964, Sergeant Matthew F. King, a Boston police officer with twenty-four years of experience, proceeded, in response to a radio call, to a hotel on Atlantic Avenue, Boston.   He there learned from a maid, the housekeeper and the hotel manager that two guns and loose bullets were in a drawer in a room on the second floor of the hotel and that a man had registered alone for the room about 6 A.M. on June 9 under the name of Welch.   He also learned that later on the same day the same man under a different name had registered for a room on the third floor

of the hotel. In the officer's experience it was unusual for one person to be licensed to carry more than one gun. It therefore could be found, as the judge implicitly did find, that Sergeant King had probable cause to believe that the person who registered for and occupied the room on the second floor had committed a felony in violation of G. L. c. 269, § 10. The officer went to the third floor accompanied by others. As the defendant emerged from the room the maid said, "That's him." The defendant was immediately arrested by the officer and searched. On his person were some bills, a key to the room on the third floor, and, in his back pocket, a key to the room on the second floor.

At the time of his arrest the defendant said that he had "found" the key to the second floor room. He denied that he had registered for that room. He denied that he was in that room. Thereafter Sergeant King, without a warrant, and accompanied by the manager, searched the second floor room and found in a chest of drawers two fully loaded revolvers, extra bullets, and a coat with coins and bills in one of the pockets.

There was no error in denying the motion to suppress. The arrest, being based on probable cause, was lawful. *Muniz* v. *Mehlman,* 327 Mass. 353, 356, and cases cited. *Commonwealth* v. *Holmes,* 344 Mass. 524, 525. The search of the defendant's person, being incidental to the arrest, was likewise lawful. *Commonwealth* v. *Holmes,* 344 Mass. 524, 525, and cases cited.

The judge could find that the defendant's statements to the police amounted to a total disclaimer or disavowal of any right to or interest in or connection with the room on the second floor. The police and the hotel manager could take him at his word. The defendant cannot now be heard to complain that his constitutional rights were violated. See *Abel* v. *United States,* 362 U. S. 217, 241. Cf. *Stoner* v. *California,* 376 U. S. 483, 489.

Since it is conceded that the seized evidence, together with other evidence produced at the trial, was sufficient to warrant the findings of guilty, the order must be

*Judgments affirmed.*