John D. LAWTON, Petitioner,

v.

Jeremiah J. DACEY, Warden, Respondent.

Misc. No. 158.

United States Court of Appeals
First Circuit.

Oct. 29, 1965.

Ronald J. Chisholm, Winchester, Mass., for petitioner.

Before ALDRICH, Chief Judge, and McENTEE, Circuit Judge.

ALDRICH, Chief Judge.

Petitioner, having been convicted of a felony in the state court, and having lost his appeal based upon the court's failure to suppress certain evidence seized at the time of his arrest, Commonwealth v. Lawton, Mass., 202 N.E.2d 824, brought a habeas corpus proceeding in the district court. His allegation that the seizure was unconstitutional because he was wrongfully arrested was rejected, the district court finding, as did the Massachusetts Supreme Judicial Court, that although he was arrested without warrant, the officer had probable cause to make the arrest. The district court denied his application for a certificate of probable cause, without which he cannot appeal. 28 U.S.C. § 2253. He accordingly renews his request in this court. Zimmer v. Langlois, 1 Cir., 1964, 331 F.2d 424.

Petitioner, so far as we can discover from the record presented to us, makes three claims. The first is that the Massachusetts statute relating to arrest of suspicious persons who, during the nighttime, give no satisfactory account of themselves, Mass.G.L. c. 41, § 98, is unconstitutional. His second is that there was no probable cause, apart from this statute, for his arrest. His third is that even if there were probable cause, the officer did not rely upon those circumstances, though known to him, but relied on the statute.

The district court found there was probable cause, known to the officer, apart from the statute, and held that this was enough even though in fact the officer, in his thinking process, relied on the statute. This was sufficient. An officer on the beat can hardly be expected to be that precise a lawyer. Cf. United States v. Ventresca, 1965, 380 U.S. 102, 108, 85 S.Ct. 741, 13 L.Ed.2d 684. Appellate courts, as is well known, may affirm lower courts for reaching the correct result even though they gave the wrong reason. At least equal consideration should be given an arresting officer. If he was justified in doing what he did, in the absence of an affirmative showing of prejudice it should make no difference that his legal thinking may have been short of perfection. This is not a case where the state came up with a new justification on appeal. Cf. Giordenello

v. United States, 1958, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503. The Commonwealth took this position from the outset, within the express procedure recognized in Giordenello, 357 U.S. at 488, 78 S.Ct. at 1251.

The constitutionality of the nighttime statute is not raised. We see no possible merit in the appeal.

An order will be entered denying the application for a certificate of probable cause to appeal.