**Gerald J. BOWLEN, Petitioner,**

v.

**Palmer SCAFATI, Superintendent, Massachusetts Correctional Institution, Walpole, Respondent.**

Misc. No. 252.

United States Court of Appeals First Circuit.

May 6, 1968.

Michael R. Pizziferri, Brighton, Mass., Pizziferri & Todisco, Boston, Mass., for petitioner on application.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

Petitioner, Bowlen, having been denied a certificate of probable cause for appeal by the district court following the denial of a writ of habeas corpus, 28 U.S.C. § 2253, applies to us for a certificate. Although the petition asserted fifteen alleged constitutional improprieties leading to his conviction in the state court, many of them were repetitious and the facts may be briefly stated. On August 17, 1963 an individual was robbed in Haverhill, Massachusetts. A few days later a so-called John Doe warrant, containing a wholly inadequate description, was issued. On August 29 the victim and a witness identified a photograph of the petitioner at Boston Police Headquarters. The Boston police subsequently arrested petitioner on the John Doe warrant and notified the Haverhill police. A Haverhill policeman, who had been present when petitioner's photograph had been identified and had talked with witnesses, went to Boston, took custody of the petitioner from the Boston police, and brought him to Haverhill, where he made statements and was identified. Thereafter he was indicted and and convicted in the state court. Prior to trial petitioner sought unsuccessfully to suppress the Haverhill statements and identification as the products of an unlawful arrest.

We note, in the first place, that petitioner may not raise new issues by means of a request for a certificate. At least one of the matters referred to in the request is not even within the scope of the petition. Further, the request is

confusing, almost to the point of unintelligibility, as to what evidence petitioner contends he was not allowed to present in the state court and what claims, if any, he was not allowed to present in the district court. In point of fact, a review of the stenographer's notes of the district court hearing confirms the record indication that evidence was presented by stipulation and that no evidence was offered and rejected in that court.

■ In the ordinary instance an appeal may not be dismissed as frivolous unless affirmatively demonstrated to be such. However, the requirement of a certificate of probable cause for appeal in habeas cases would be pointless unless construed to mean that the burden of an affirmative showing of merit is upon the petitioner. Cf. Ex Parte Farrell, 1 Cir., 1951, 189 F.2d 540, cert. denied, Farrell v. O'Brien, 342 U.S. 839, 72 S.Ct. 64, 96 L.Ed. 634. Absent a positive showing that the hearing was improperly limited, we will not certify petitioner's present attempt to have the case reviewed on any broader basis than that considered by the district court.

The district court's findings suggest no possible area of review except with respect to the issue discussed by the Massachusetts court on petitioner's original appeal, his alleged unlawful arrest and the fruits thereof. Commonwealth v. Bowlen, 1967, 351 Mass. 655, 659–660, 223 N.E.2d 391. This we will review briefly.

From the state transcript introduced before the district court it fully appeared that the John Doe warrant previously mentioned was insufficient upon which to base an arrest. However, it also appeared that petitioner was in legal effect arrested at the Boston police station by the Haverhill officer, who had probable cause to do so. This arrest was not rendered unconstitutional merely because the officer mistakenly relied upon the warrant. Lawton v. Dacey, 1 Cir., 1965, 352 F.2d 61. We quite agree with the reasoning of the Supreme Judicial Court. The gravamen of petitioner's case, accordingly, is that his earlier arrest was illegal, which he says he never had an opportunity to show, and that what occurred in Haverhill after he was taken into custody there was the illegal fruit of the first arrest, and should therefore be suppressed. If there were possible merit in this, we should find probable cause for appeal. However, we see none.

■ It is true that petitioner was constantly denied opportunity to show that the first arrest was unlawful. There was no error in this, because the matter was immaterial. The probable cause supporting the second arrest was gathered independently of the first. Defendant's statement to which objection was made followed the second arrest. What petitioner is in effect saying is that otherwise lawful arrest is unlawful if initiated before there was a fair chance to get physically away from a prior illegal one.

In the many cases in which the Supreme Court has ordered suppressed the fruits of an unlawful arrest, none has voided the arraignment or other matters simply because they were dependent upon the physical presence of the defendant. Still less has the defendant been ordered released. Cf. Frisbie v. Collins, 1952, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (conviction not void although defendant shanghaied into the state). All have concerned evidence, wrongfully obtained as a direct result of the arrest. Even assuming that we should now adopt the minority view in Hancock v. Nelson, 1 Cir., 1966, 363 F.2d 249, cert. denied 386 U.S. 984, 87 S.Ct. 1292, 18 L.Ed.2d 234, the Haverhill-obtained evidence was not tangible evidence preserved through an unlawful custody, but arose subsequently. We see no basis for a claim that it was unconstitutionally tainted.

Certificate denied.