COMMONWEALTH *vs.* ROBERT M. ANDREWS.

Plymouth. November 2, 1970. — February 25, 1971.

Present: TAURO, C.J., SPALDING, REARDON, & QUIRICO, JJ.

*Arrest. Probable Cause. Practice, Criminal,* Suppression of evidence. *Evidence,* Presumptions and burden of proof.

Upon a motion by the defendant in a criminal case to suppress certain evidence on the ground that it was derived from an unlawful arrest of him without a warrant for a felony, the burden on him to show that the arresting officer did not have probable cause to believe the defendant had committed a felony was not sustained by mere proof that the officer's information was not sufficient to establish probable cause beyond a reasonable doubt. [723]

Findings by the trial judge at the hearing of a motion to suppress in a criminal case, that at a time when police officers opened a door to the defendant's apartment they had probable cause to believe that he had committed a felony, that the officers then had the right to arrest the defendant without a warrant and to enter his apartment, although they did not then do so, were warranted by evidence that the officers heard a radio broadcast about "a man with a gun threatening to kill everyone" at a certain house, that when the officers arrived there a woman said "He's in there, he's got a gun," and pointed to the door of the defendant's apartment, and that the defendant threatened "to use" a gun when the officers knocked on the door [725–726]; and a finding by the judge that the officers had new probable cause to arrest the defendant, for a felony committed in their presence, was warranted by evidence that after they had opened the door to the defendant's apartment he threatened "to shoot" them, and then opened another door, came out into the common hallway, and pointed a rifle at an officer's head, saying "Officer, I'm going to kill you" [726].

INDICTMENT found and returned in the Superior Court on May 9, 1969.

A motion to suppress was heard by *Taveira,* J., and the case was tried before him.

*Frederick L. Brown* for the defendant.

*A. Stanley Littlefield,* Assistant District Attorney, for the Commonwealth.

QUIRICO, J.   The defendant was found guilty on an indictment charging him with the crime of assaulting Richard J. Vaughn, a police officer, by means of a dangerous weapon at Brockton on January 7, 1969.   The case was tried subject to the provisions of G. L. c. 278, §§ 33A–33G, and it is before us on the defendant's assignment of two alleged errors by the trial judge.

The defendant alleges error (a) in the denial of his pretrial motion to suppress a rifle[1] taken by the police from his apartment at the time of his arrest; and (b) in the admission at the trial of certain incriminating statements made by him just prior to or about the time of his arrest.   The ground on which he bases his claims of error is the allegation that the police entered his house unlawfully and arrested him without a warrant and without probable cause to believe he had committed any crime.

The defendant was arrested at his apartment by several members of the Brockton police acting without a warrant. The rifle in question was taken from the defendant by the police at the time of the arrest.   Immediately prior to his arrest the defendant, who was within his apartment, said to the officers who were in the hallway outside of his apartment that he had a gun, that he had six bullets in it, and that he was going to kill the first six "cops" he saw.   It is this rifle and these statements which are involved in the assignments of error.   The defendant seasonably made separate motions to suppress the rifle and the incriminating statements.   The motions were heard before trial, and both were denied.

Except for the fact that the defendant was arrested without a warrant, his claim that his arrest was unlawful and that therefore the rifle and statements should be suppressed is based on facts which were neither apparent on the record nor agreed to by the parties.   The burden of proving such

---

[1] This weapon is variously referred to as a "gun," "shotgun," or "rifle," in the record and the transcript.   Nothing in this decision turns on whether the weapon was a shotgun or a rifle, but we use the word "rifle" because the defendant identified it as such in his testimony at the hearing on the motion to suppress.

facts was upon the defendant as the moving party. *Commonwealth* v. *Fancy,* 349 Mass. 196, 202–203. *Commonwealth* v. *LePage,* 352 Mass. 403, 410–411. The evidence which the defendant offered as proof of his factual allegations consisted entirely of oral testimony from him and three police officers called by him.[2] After hearing the testimony the trial judge found that the police had probable cause to believe that the defendant had committed a felony and that therefore they had a right to arrest him without a warrant. The trial judge had an opportunity to see and hear the witnesses and we did not. He had the sole responsibility to determine the weight and credibility of the testimony of the witnesses, and we do not review those determinations. Our review is limited to a determination of whether or not the evidence, taken in its light most favorable to the Commonwealth, would, if believed, permit the judge's conclusion on probable cause.

The defendant's burden of proof is not met by merely proving that the information possessed by the police officers at the time of arrest was not sufficient to establish beyond a reasonable doubt that the defendant had committed a felony. The police officers are not required to possess that kind and quantum of information before they may arrest without a warrant in the case of a felony. It is enough if they have information which reasonably permits a conclusion that the defendant has probably committed a felony. *Brinegar* v. *United States,* 338 U. S. 160, 175–176. *Beck* v. *Ohio,* 379 U. S. 89, 91–92. *Commonwealth* v. *Lillis,* 349 Mass. 422, 424. *Commonwealth* v. *Cuddy,* 353 Mass. 305, 308.

If the police in this case had sufficient information to constitute probable cause to believe, and did believe, that the defendant had committed a felony, even though not in their presence, they had the right to arrest him without a warrant. *Warden, Maryland Penitentiary* v. *Hayden,* 387 U. S. 294,

---

[2] A fifth witness, the defendant's wife, was called by the Commonwealth as a witness at this hearing. As was her right, she exercised her privilege not to testify against her husband. At the trial of the case on the merits she was called as a witness for the defendant, her husband. At that time, as was also her right, she elected to testify.

298–299.  *Commonwealth* v. *Phelps,* 209 Mass. 396, 403–
406.  *Muniz* v. *Mehlman,* 327 Mass. 353, 356–357.  *Common-
wealth* v. *Holmes,* 344 Mass. 524, 525–526.  *Commonwealth* v.
*Lewis,* 346 Mass. 373, 383.  *Commonwealth* v. *Lawton,*
348 Mass. 129, 133; habeas corpus denied sub. nom. in
*Lawton* v. *Dacey,* 352 F. 2d 61 (1st Cir.).  *Commonwealth* v.
*Mayer,* 349 Mass. 253, 255.  *Commonwealth* v. *Mitchell,*
353 Mass. 426, 428–429.  In making such an' arrest without
a warrant, the police had the right to enter the defendant's
apartment to accomplish the arrest.  In *Commonwealth* v.
*Phelps, supra,* at pp. 407–408, the court said: "An officer
who has the right to arrest without a warrant because he
suspects on reasonable grounds that the defendant has com-
mitted a felony has a right to break open doors.  That may
be taken to be settled now."

The law which the *Phelps* decision of 1911 said "may be
taken to be settled now" appears to have survived the more
recent series of seemingly innovative decisions of the Federal
Courts in this area of the law.  In *Ker* v. *California,* 374 U. S.
23, the court upheld an entry by use of a pass key, without
a warrant, into the apartment of a suspect, and the arrest
of the suspect therein.  The police action was upheld on the
ground that they had probable cause to believe that the
occupant had committed and was committing a narcotics
offence.  The court said at p. 34: "While this Court does
not sit as in *nisi prius* to appraise contradictory factual
questions, it will, where necessary to the determination of
constitutional rights, make an independent examination
of the facts, the findings, and the record so that it can de-
termine for itself whether in the decision as to reasonableness
the fundamental — i.e. constitutional — criteria established
by this Court have been respected.  The States are not
thereby precluded from developing workable rules govern-
ing arrests, searches and seizures to meet 'the practical de-
mands of effective criminal investigation and law enforce-
ment' in the States, provided that those rules do not violate
the constitutional proscription of unreasonable searches and
seizures and the concomitant command that evidence so

seized is inadmissible against one who has standing to complain. . . . Such a standard implies no derogation of uniformity in applying federal constitutional guarantees but is only a recognition that conditions and circumstances vary just as do investigative and enforcement techniques."

We turn now to the question whether, on the application of the rules of law stated above and the evidence before him, the trial judge was warranted in concluding that the arresting officers had probable cause to believe that the defendant had committed, or was committing, a felony and that therefore their arrest of him without a warrant was lawful. We hold that he was so warranted. We summarize the evidence limited to this question and in its light most favorable to the Commonwealth.

At 2:58 A.M. on January 7, 1969, a communication was broadcast over the Brockton police radio system that "there was a man with a gun threatening to kill everyone in the house at 79 Ellsworth Street," in that city. As a result of hearing the broadcast three police cruisers with uniformed officers in each went to that address and entered the first floor common hall of the multi-apartment building. When they entered they saw a lady dressed in night clothes, standing at the head of the stairs on the second floor. She said to the officers: "He's in there, he's got a gun," and she pointed to the first floor door of the defendant's apartment. The officers went to that door and knocked on it. Someone inside asked: "What do you want?" The officers replied: "We're police officers, we want to talk to you." The same person inside then said in substance: "Don't come in, I've got a gun, stay out of my house. I've got a gun and I'm going to use it." At about that point in time the officers opened the unlocked door from the common hall to the defendant's apartment but, for reasons hereinafter stated, they did not enter the apartment at that time.

We hold that on the basis of the evidence summarized above, the trial judge was warranted in finding and ruling that (a) at the moment the police opened the door to the defendant's apartment, they had probable cause to believe

that he had committed the felony of assault by means of a dangerous weapon (G. L. c. 265, § 15B) and perhaps other felonies[3] and (b) the officers then had the right to arrest him without a warrant, and to enter his apartment for that purpose.

After the officers opened the door to the apartment, they saw the barrel of a rifle pointed toward the open door from the end of a hall within the apartment and heard the same person who had spoken previously say: "I've got six bullets, I'm going to shoot . . . the first six cops." While the officers were still in the common hallway and before any of them had entered the defendant's apartment, the defendant opened a door from one of his bedrooms to the common hallway, stepped out of the room, pointed a rifle at an officer, held it within two to four inches of his head, and said, "Officer, I'm going to kill you." We hold that this evidence warranted a finding and ruling by the trial judge that the police had new probable cause to arrest the defendant without a warrant for the felony of assault by means of a dangerous weapon committed in their presence.

We are not unmindful of the fact that there was much evidence, particularly from the defendant, contrary to that which we have summarized above. The judge had the right to disbelieve such contrary evidence, and in view of his express findings and rulings, it is apparent that he did disbelieve it. We need not summarize it.

There was no error in the action of the trial judge in denying the defendant's motion to suppress the rifle, nor in admitting the statements made by the defendant at approximately the time of his arrest.

*Judgment affirmed.*

---

[3] See G. L. c. 265, § 15, on assault with intent to murder, and § 18 on assault, while armed with a dangerous weapon, with intent to murder.