COMMONWEALTH vs. ROBERT MORAN.

Suffolk.    March 1, 1976. — March 31, 1976.

Present: HENNESSEY, C.J., REARDON, QUIRICO, BRAUCHER,
& WILKINS, JJ.

*Arrest.    Search and Seizure.    Grand Jury.*

Findings by the trial judge on a motion to suppress that the victim of
an armed robbery at night by three persons in an apartment re-
turned there immediately with police officers without warrants who
broke down the door when there was no response to their repeated
calls, that upon entry the officers found the defendant under a bed
and arrested him, and that an officer looked out on the porch, saw
a gun and seized it, warranted conclusions that there was probable
cause to believe the defendant had committed a felony and that the
arrest and the seizure of the gun were lawful. [11-12]
There was no error in a refusal to dismiss an indictment returned in
1974 because of discrimination against women in the manner of
selection of the grand jury. [12-13]

INDICTMENT found and returned in the Superior Court
on November 13, 1974.

A motion to suppress evidence was heard by *McLaugh-
lin,* C.J., and the case was tried before him.

After review was sought in the Appeals Court, the Su-
preme Judicial Court, on its own initiative, ordered direct
appellate review.

*Richard S. Goldstein* for the defendant.

*Joseph E. Coffey, Jr.,* Assistant District Attorney, for
the Commonwealth.

BRAUCHER, J.    The defendant appeals under G. L.
c. 278, §§ 33A-33G, from a conviction of assault and bat-
tery with a dangerous weapon. He assigns error in the
denial of a motion to suppress a gun and holster seized on
the porch of his apartment, and in discrimination against

women in the selection of the grand jury. We hold that there were exigent circumstances which justified a warrantless entry into his apartment to arrest him, overrule his assignments of error, and affirm the judgment.

1. *Warrantless arrest.* The gun and holster were in plain view, and the defendant argues only that the police had no right to be in the apartment. No argument is made that the police lacked probable cause to arrest, or that there was a search beyond the area permitted under *Chimel* v. *California,* 395 U.S. 752, 768 (1969), and *Commonwealth* v. *Cohen,* 359 Mass. 140, 145-146 (1971), or that the discovery of the evidence violated a requirement of inadvertence. See *Commonwealth* v. *Forde,* 367 Mass. 798, 809 (1975) (Hennessey, J., concurring). The sole contention is that there was no "showing that it was impracticable for the police to obtain a warrant," as required by *Commonwealth* v. *Forde, supra* at 800, decided after the trial.

The judge made detailed findings, and ruled that no warrant was needed, citing *Commonwealth* v. *Phelps,* 209 Mass. 396 (1911), and *Commonwealth* v. *Andrews,* 358 Mass. 721, 724 (1971). The opinions in those cases fully supported his ruling. But in the *Forde* case, after full consideration, we held "that the Fourth Amendment prohibits a warrantless entry into a dwelling to arrest in the absence of sufficient justification for the failure to obtain a warrant." 367 Mass. at 806. More recently the Supreme Court has left that question open, but there is no indication that our holding will be disapproved. See *United States* v. *Watson,* 423 U.S. 411, 418 n.6 (1976), citing Model Code of Pre-Arraignment Procedure § 120.6 (Proposed Official Draft 1975).

We summarize the judge's findings. Early on August 17, 1974, the victim reported to Boston police that he had been robbed by two males and a female and struck with a gun in a second floor apartment in Dorchester. About 1 A.M. he and two officers went to the apartment, and were met outside by four other officers, one accompanied by dogs. The house was dark and there was no response, but someone

was seen looking out one of the windows. The officers repeatedly called for those inside to come out, without response, although an officer heard someone on the porch. Finally the officers broke down the door with an axe, and the police told the occupants they would send in dogs. A female and a male then came out and were identified by the victim and arrested. Officers entered and found the defendant under the bed in the bedroom, and arrested him. An officer looked out on the porch, saw the gun, and seized it.

The judge concluded that the arrest was lawful. "There was probable cause to believe defendant had committed a felony. Responding immediately to information received from the victim there was not time for the police to obtain an arrest warrant." We agree. The facts bring the case within the established exception for exigent circumstances. *Commonwealth* v. *Forde, supra* at 800. Factors supporting the finding are the showing that the crime was one of violence and that the suspect was armed, a clear demonstration of probable cause, strong reason to believe that he was in the dwelling, and a likelihood that he would escape if not apprehended. See *id.* at 807. The officers demanded admission, although they had reasonable cause to believe that the suspect would escape, that they would be subject to harm in effecting the arrest, and that others might be harmed, evidence destroyed, or property damaged. Entry into a dwelling at night to make an arrest is proper in such circumstances. *United States* v. *Rodriguez,* 375 F. Supp. 589, 593 (S.D. Tex.), aff'd, 497 F.2d 172 (5th Cir. 1974), and cases cited. *State* v. *Johnson,* 232 N.W.2d 477, 480 (Iowa, 1975). Cf. Model Code of Pre-Arraignment Procedure § 120.6 (Proposed Official Draft 1975).

2. *Grand Jury.* The indictment was returned before the decision in *Taylor* v. *Louisiana,* 419 U.S. 522 (1975). The rule of that case need not be applied retroactively. *Daniel* v. *Louisiana,* 420 U.S. 31 (1975). There was therefore no error in the refusal to dismiss the indictment because of discrimination against women in the manner in which the grand jury were selected. *Commonwealth* v.

*Mobley,* 369 Mass. 892, 897-898 (1976). *Commonwealth* v. *Daggett,* 369 Mass. 790, 794-795 (1976).

*Judgment affirmed.*