COMMONWEALTH *vs.* ALFONSO MCPHERSON. April 26, 1976. This case is before us on a single assignment of error. During a bench conference the judge indicated that he considered evidence of an out-of-court photographic identification by a witness admissible to corroborate the witness's in-court identification of the defendant. The defendant excepted to the judge's "rulings." The short answer is that the judge made no ruling to which the defendant could except and thus the assignment of error presents no issue for our consideration. We note that when the questioning of the witness resumed it appeared that the photographs were not in court, and the judge did not permit the prosecuting attorney to question the witness further concerning them or to ascertain whether the witness had selected any of them as a photograph of the defendant.

*Judgments affirmed.*

The case was submitted on briefs.
*Fern L. Nesson* for the defendant.
*Alice E. Richmond,* Assistant District Attorney, for the Commonwealth.


COMMONWEALTH *vs.* FERDINAND G. SOTO. April 26, 1976. The sole question raised in this appeal is whether the defendant's constitutional and statutory right to a grand jury drawn from a cross section of the community was violated because of discrimination against women in the selection of the grand jury. There was no error. The indictments were returned before the decision in *Taylor* v. *Louisiana,* 419 U. S. 522 (1975). The rule of that case need not be applied retroactively. *Daniel* v. *Louisiana,* 420 U. S. 31, 32 (1975). *Commonwealth* v. *Moran,* 370 Mass. 10, 12 (1976). See *Brunson* v. *Commonwealth,* 369 Mass. 106, 117-120 (1975).

*Judgments affirmed.*

The case was submitted on briefs.
*Fern L. Nesson* for the defendant.
*Garrett H. Byrne,* District Attorney, for the Commonwealth.