**STATE of Maine**

v.

**Roy C. BABCOCK.**

Supreme Judicial Court of Maine.

July 20, 1976.

---

David M. Cox, Dist. Atty., Paul W. Chaiken, Asst. Dist. Atty., Bangor, for plaintiff.

Anderson & Norton, by Peter Adams Anderson, Bangor, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE,* POMEROY, WER-NICK, ARCHIBALD and DELAHANTY, JJ.

* Weatherbee, J., sat at argument but did not participate further in the case and died prior to preparation of opinion.

POMEROY, Justice.

Before us is an appeal from a judgment entered upon a jury verdict of guilty of the crime of armed robbery. 17 M.R.S.A. § 3401–A.

The specific claim of error results from the denial of appellant's motion to suppress evidence obtained from the automobile he was driving when he was stopped by a police officer.[1] We find the motion to suppress evidence was properly denied.

We deny the appeal.

The factual framework from which the issue before us emerges is as follows. At about 7 p. m. on December 1, 1974, Campbell's Store, Hampden, Maine, was robbed. Mr. Campbell, the store operator, notified the police that the robbery was committed by two men, one of whom was carrying a shotgun. He also reported that he had watched the men leave the area in a "1968 or 1969 dark Chevrolet fastback." As it left, the vehicle "was headed toward the interstate." Mr. Campbell testified that at that point he notified the police of the robbery.

When police officers arrived he says he described the automobile in which the robbers had left, the direction in which it was heading, and the physical characteristics of the two men whom he said had robbed the store. He described the man carrying the shotgun as

"tall, light hair, moustache. And the one with the knife was short with long hair, medium hair, . . .."

The police department immediately broadcast over the police radio that a robbery had just occurred in Hampden, and officers should be on the lookout for

"a black '69 Chevrolet fast back model with two suspects in the car—one tall with a moustache and one shorter and stockier; . . .."

The broadcast also informed its listeners that at least one of the suspects was armed with a single-barrel shotgun and that the automobile in which they drove away was headed toward the interstate.

This broadcast was heard by a Bangor police officer[2] who was on patrol in a police cruiser. Upon receipt of this broadcast the officer headed toward Interstate 95 where he saw a maroon 1968 or 1969 Chevrolet automobile in the vicinity of the "off-ramp." At that time the officer could not identify the occupants of the vehicle. As the officer followed the maroon vehicle, he saw it turn down a side street, being driven a few blocks out of the way, and then returning to the street on which it was traveling when he first observed it. At this point the officer stopped the vehicle and appellant Babcock alighted from it.

Babcock was informed of the reason he was stopped and he was told to stand in front of the police cruiser's headlights. The officer had noted that Babcock was tall and had a mustache when the officer walked up to the car. It is not clear from the record whether the automobile door had been left open by Babcock or whether the officer opened it himself. In either event, the officer observed two other individuals in the car. At that time he also observed the barrel of a partially concealed shotgun in the back seat. After taking possession of the shotgun the officer ordered the two occupants out of the car.

Appellant's motion to suppress evidence sought suppression of the shotgun which the officer had removed from the vehicle.

---

1. Appellant's points on appeal list other issues. However, his failure to brief or argue them constitutes a waiver of those issues. *State v. Barlow*, Me., 320 A.2d 895, 898 (1974).

2. The City of Bangor is adjacent to the Town of Hampden.

These facts, the appellant says, demonstrate a violation of his rights under the fourth amendment to the Constitution of the United States as made applicable to states by the fourteenth amendment.

■ Appellant's basic argument is that the police officer had no "probable cause" to stop appellant's automobile. Clearly, if the stop was not constitutionally permissible, evidence obtained as a result of such stop was inadmissible at appellant's trial and should have been suppressed. *Wong Sun v. United States,* 371 U.S. 471, 83 S. Ct. 407, 9 L.Ed.2d 441 (1963).

■ There are many situations in which an automobile may be stopped by police officers even though "probable cause," either for arrest or for a search, does not exist. Of course, in every event the stop must be reasonable. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1967); *United States v. Collins,* 532 F.2d 79 (8th Cir. 1976).

In *Terry,* supra, the United States Supreme Court upheld a "stop and frisk" which it construed as a search and seizure within the terms of the fourth amendment. That Court concluded that such "stop and frisk" was reasonable in the light of

"articulable facts which, taken together with rational inferences from those facts, reasonably warrants that intrusion." *Terry,* supra, 392 U.S. at 21, 88 S.Ct. at 1880.

The holding of *Terry* has now been extended to include investigatory stops of automobiles. *United States v. Collins,* supra; *United States v. Fisch,* 474 F.2d 1071 (9th Cir.), cert. denied, 412 U.S. 921, 93 S.Ct. 2742, 37 L.Ed.2d 148 (1973); *Commonwealth v. Riggins,* Mass., 315 N.E.2d 525 (1974).

*Terry* applied a balancing test to justify the officer's conduct, weighing the harm of the invasion of individual privacy against the government's interest in effective crime prevention and detection. The officer's conduct in that case, the Court said, was based on something more than "inarticulate hunches" and "good faith", *Terry,* supra, 392 U.S. at 22, 88 S.Ct. 1868, and outweighed the annoyance and humiliation resulting from the "stop and frisk."

■ In the case now before us there were "articulable facts" which warranted the stop of appellant's automobile. The automobile very nearly matched the description which was given to the police officers over the police radio. It was sighted in an area where it was reasonable to assume that the automobile in which the robbers fled from the scene of the robbery would be at that particular moment. The turn onto the side street only to return to the main street, as this automobile did, was suspicious under the circumstances. Finally, the invasion of privacy resulting from the mere investigative stopping of the automobile was not great. Having in mind the governmental interest in effective crime prevention and detection, stopping the appellant's automobile in the circumstances here present can only be termed reasonable. The reasonableness of the stop far outweighed the harm of the intrusion resulting therefrom.

We are satisfied the stop was constitutionally permissible.

■ Appellant argues that the stop was followed by a search and the search constituted a violation of his fourth amendment rights. The evidence is clear that as soon as the vehicle was stopped, Babcock alighted. When he did so it became obvious to the officer that Babcock was a tall man and that he wore a mustache. At this point the facts known to the police officer added up to probable cause to make an arrest.[3]

---

3. The following facts known to the police officer at the time he arrested Babcock add up

to "probable cause": (a) appellant's automobile matched the description given on the

In *State v. MacKenzie,* 161 Me. 123, 210 A.2d 24 (1965), the court quoted with approval from *Commonwealth v. Holmes,* 344 Mass. 524, 183 N.E.2d 279, 280 (1962), describing an "arrest" as follows:

> "To constitute an arrest there must be either a physical seizure of the person by the arresting officer, or *a submission to his authority and control.*" (Emphasis supplied.)

Tested in the light of the description of an arrest from *State v. MacKenzie,* supra, we conclude appellant Babcock was under arrest at the time he submitted to the officer's instruction to stand in front of the police cruiser's headlights. By complying with the officer's order Babcock submitted to his "authority and control." [4]

It follows, then, that even if the officer's opening of the door (if he in fact did so) constituted a search, such search is constitutionally justified as a "search incident to a lawful arrest." A search incident to an arrest is one of the exceptions to the requirement of a search warrant. *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). The validity of the search (if there was a search) must be sustained as a search incident to a lawful arrest. Because it is clear that the arrest was lawful, being based on probable cause, the search was incident to such arrest. *State v. LeBlanc,* Me., 347 A.2d 590 (1975).

The area searched was within Babcock's immediate control or the area into which he might *"reach to obtain weapons or to destroy or conceal evidence." State v. York,* Me., 324 A.2d 758 (1974).

There are no limits on the scope of the search of the arrestee himself. *United States v. Robinson,* 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973); *Gustafson v. Florida,* 414 U.S. 260, 94 S.Ct. 488, 38 L. Ed.2d 456 (1973); *State v. Dubay,* Me., 338 A.2d 797 (1975).

A search of areas within the arrestee's control, to be valid, must not be *"remote in time or place from the arrest." Chimel v. California,* supra.

> "Only these temporal and geographical limitations satisfy the fourth amendment objective of preventing the police from 'rummaging at will' among the defendant's effects." *State v. LeBlanc,* supra, at 594.

This court has held that a search incident to a lawful arrest is valid if it encompasses an area within the "conceivable control of the arrestee." *State v. LeBlanc,* supra.

In the case now before us, the search (if one there was) consisted of no more than opening a car door and seeing and seizing a shotgun. Even though the appellant was at that time standing some distance from the car,

> "[w]e cannot say that the defendant could not have gotten access to the [gun] if he so desired and the [gun] was not therefore in an area beyond his conceivable control." *State v. LeBlanc,* supra, at 596.

---

police radio of the vehicle being sought; (b) the physical description in the radio dispatch of one of the robbers being sought fitted Babcock's appearance; (c) the location of the appellant's vehicle at the time it was stopped by the officer was consistent with the information given over the police radio; (d) the route taken by the Babcock vehicle clearly pointed strong suspicion to Babcock's vehicle as the one being sought.

4. The record indicates that after Babcock had been brought to the police station by the officer, such officer formally announced that he, Babcock, was under arrest and charged with the crime of armed robbery. This fact does not negate our conclusion that the arrest was made at the place where the vehicle was stopped and resulted when Babcock submitted to the officer's authority and complied with the officer's direction to stand in front of the police vehicle's headlights.

We conclude the appellant's motion to suppress evidence was correctly denied.

The entry must be:

Appeal denied.

All Justices concurring.