COMMONWEALTH *vs.* MARVIN BODDEN.  March 6, 1981.  The trial
judge erred in ruling that there was probable cause to arrest the defend-
ant.  See *Sibron* v. *New York,* 392 U.S. 40, 62 (1968).  See also *Common-
wealth* v. *White, ante* 929, 930 (1981).  Passing the question whether the
policemen's actions in stopping and detaining the defendant were "based
on specific and articulable facts" (*Terry* v. *Ohio,* 392 U.S. 1, 21 [1968];
compare *Commonwealth* v. *Wainio,* 7 Mass. App. Ct. 863 [1979]), we
conclude that at the time the defendant was placed in the cruiser he was
"under arrest."  See *Commonwealth* v. *Wallace,* 346 Mass. 9, 16 (1963).
See also *Commonwealth* v. *Garcia,* 379 Mass. 422, 427 (1980).  This ar-
rest or seizure (see *Terry* v. *Ohio, supra* at 16) was unlawful because "at
that moment the facts and circumstances within [the officers'] knowledge
and of which they had reasonably trustworthy information were [not] suf-
ficient" to constitute probable cause to arrest the defendant.  *Beck* v.
*Ohio,* 379 U.S. 89, 91 (1964).  Compare *Brown* v. *Texas,* 443 U.S. 47,
50-52 (1979).  Only the defendant's ethnicity and rate of movement were
apparent to the officers at the time of the stop. Neither race nor velocity
(or both) provided a reasonable ground to suspect that a crime had been
committed, was in progress, or was about to be committed.  Compare
*Commonwealth* v. *Bacon,* 381 Mass. 642, 646-647 (1980).  Moreover, we
are not able to discern any justifiable basis for the police officers' driving
the defendant around the area.  As the officers had no knowledge or infor-
mation at that juncture (even after checking with the dispatcher at the
operations control center) of any crime the defendant might have commit-
ted, we conclude that there was not then available to the police sufficient
"information which reasonably permit[ted] a conclusion that the defend-
ant ha[d] probably committed a felony."  *Commonwealth* v. *Andrews,*
358 Mass. 721, 723 (1971).  See *Henry* v. *United States,* 361 U.S. 98,
101-102 (1959).  Contrast *Commonwealth* v. *Pellier,* 362 Mass. 621, 626
(1972); *Commonwealth* v. *Snow,* 363 Mass. 778, 788-789 (1973).

As the judge improperly concluded that the police "had probable cause
to detain the defendant" at the time of the initial stop, we are constrained
to remand this case to the Superior Court for a determination whether the
in-court identification was obtained by official "'exploitation' of the 'pri-
mary illegality' within the meaning of *Wong Sun* [v. *United States,* 371
U.S. 471, 487-488 (1963)]." *United States* v. *Crews,* 445 U.S. 463, 469 &
n.9 (1980), quoting from Maguire, Evidence of Guilt 221 (1959).

Accordingly, the judgments of conviction are reversed, the verdicts are
set aside, and the case is remanded to the Superior Court for reconsidera-
tion of all aspects of the identification issues in light of this opinion.  See
*United States* v. *Crews,* 445 U.S. at 470-474.  Prior to a retrial, the judge

must make findings of facts and rulings of law as to the validity of any proposed in-court identification pursuant to the teachings of *Commonwealth* v. *Venios*, 378 Mass. 24, 26-28 (1979). Cf. *Commonwealth* v. *Powell*, 10 Mass. App. Ct. 57, 60-61 (1980).

*So ordered.*

*James H. Packer* for the defendant.

*Willie Ivory Carpenter*, Assistant District Attorney, for the Commonwealth.