**UNITED STATES of America, Plaintiff-Appellee,**

v.

**James Walter CLARK, Defendant-Appellant.**

**No. 26294.**

United States Court of Appeals, Ninth Circuit.

June 2, 1971.

---

Michael Burley, of Pitkin & Burley, San Diego, Cal., for defendant-appellant.

Harry D. Steward, U. S. Atty., Robert H. Filsinger, Chief, Crim. Div., Thomas M. Coffin, Asst. U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before HAMLEY, KOELSCH and TRASK, Circuit Judges.

PER CURIAM:

James Walter Clark appeals from the judgment convicting him of concealing and facilitating the transportation and concealment of marihuana. 21 U.S.C. § 176a.

1. *The admissibility of the marihuana.*

The district judge, following a hearing, denied Clark's pretrial motion to suppress some 340# of marihuana discovered by the officer in the trunk of the automobile Clark was driving at the time of his arrest; additionally, the court overruled at the trial Clark's objection to the introduction into evidence of the marihuana and all testimony concerning it.

Neither ruling constituted error. The evidence adduced at the hearing was

sufficient to establish that the search of the vehicle was incident to a valid arrest of Clark and that it was reasonable. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).[1]

■ The district judge, having made a pretrial determination on the issue, was not obliged to again consider it during trial and before ruling upon Clark's objection to the introduction of evidence. Such is the import of Rule 41(e) F.R. Crim.P., and nothing appeared or was shown to avoid its application.[2] Solomon v. United States, 133 U.S.App.D.C. 103, 408 F.2d 1306, 1309 (1969).

The hearing judge (who was not the trial judge) may have applied an erroneous test for probable cause; but his factual findings, when measured by the correct test [Henry v. United States, 361 U.S. 98, 102, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959)] fully warrant our own independent legal conclusion that probable cause did exist.

### 2. *The failure to instruct.*

■ Clark asserts that the trial court committed plain error [F.R.Crim.P.] 52(b) in failing to instruct the jury with respect to the possible application of the general smuggling statute—18 U. S.C. § 545—it being his contention that the charge as laid in the indictment also included as a lesser offense a crime created by the smuggling statute.

We disagree. The essential elements of the section 545 crime include those which constituted the alleged 176a crime.[3] True, section 545 is generic in scope, covering "any merchandise," while 176a is limited, being restricted solely to marihuana. But marihuana is merchandise [United States v. Scott, 425 F.2d 55 (9th Cir. 1970)] and "[a] lesser-included offense instruction is only proper where the charged greater offense requires the jury to find a disputed factual element which is not required for conviction of the lesser-included offense." Sansone v. United States, 380 U.S. 343, 350, 85 S.Ct. 1004, 1009, 13 L. Ed.2d 882 (1965).

### 3. *The sufficiency of evidence.*

■ The government did not, as Clark contends, fail to meet its burden to prove that the marihuana discovered in Clark's automobile was imported into the United States "contrary to law" and that Clark knew his automobile contained such marihuana. The record contains substantial evidence to support a factual conclusion on both issues favorable to a determination of Clark's guilt.[4]

Judgment affirmed.

---

1. It also appears that the officers had probable cause to believe that the vehicle contained contraband and hence to search it independent of any right to arrest Clark. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970), citing with approval Carroll v. United States, 267 U.S. 132, 158–159, 45 S.Ct. 280, 69 L.Ed. 543 (1925).

2. Rule 41(e) F.R.Crim.P. " * * * The motion [to suppress] shall be made before trial or hearing unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court in its discretion may entertain the motion at the trial or hearing."

3. 18 U.S.C. § 545 " * * * Whoever * * * in any manner facilitates the transportation, [or] concealment * * * of such merchandise after importation, knowing the same to have been imported or brought into the United States con-

trary to law * * * " shall be punished. 21 U.S.C. § 176a " * * * whoever * * * in any manner facilitates the transportation, [or] concealment * * * of such marihuana after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law * * * " shall be punished.

4. The government adduced considerable testimony tending to establish that the origin of this particular marihuana was Mexico. Thus there was evidence to permit an inference of its illegal importation. United States v. Avey, 428 F.2d 1159 (9th Cir. 1970), cert. denied, 400 U.S. 903, 91 S.Ct. 140, 27 L.Ed.2d 139 (1970). And, on the issue of Clark's knowledge, there was evidence which was in all essential respects the same as that in Buelna-Mendoza v. United States, 435 F.2d 1386 (9th Cir. 1971), a case in which such evidence was held sufficient.