COMMONWEALTH *vs.* JOSEPH TOWNSEND. June 14, 1978. The defendant appeals pursuant to G. L. c. 278, §§ 33A-33G, from his conviction on two counts of being an accessory before the fact to an armed robbery of a CVS store in Boston. 1. There was no error in the denial of the defendant's motion to suppress based upon his assertions that his confession (made to the police shortly after his arrival at headquarters) was the product of an illegal arrest and that there had not been a voluntary waiver of his Miranda rights prior to that confession and prior to a subsequent confession made at the Charles Street jail. Prior to the arrest, the police had been informed by the owner of the car used in the robbery that on the day of the robbery he had lent his car to the defendant, and that he was present when the defendant and two companions planned the crime and then drove away with the defendant behind the wheel. The car owner's description of the defendant was matched by that of a storekeeper from whom the occupants of that vehicle later on that day purchased handcuffs and a knife found at the scene of the crime. The behavior of the purchasers prompted the storekeeper to note the registration of the car which he turned over to the police. This evidence viewed in a practical way (*Commonwealth* v. *Stewart*, 358 Mass. 747, 749 [1971]; *Draper* v. *United States*, 358 U.S. 307, 313 [1959]) constituted probable cause. Even if it had not been shown that the owner of the vehicle was a reliable informant, his

information was sufficiently corroborated by that of the storekeeper. *Commonwealth* v. *Stevens,* 362 Mass. 24, 27 (1972). *Commonwealth* v. *Kane,* 362 Mass. 656, 659, 660 (1972). With respect to his confessions, we accept in the circumstances the determination of the judge, which was warranted by the evidence, that the defendant voluntarily waived his Miranda rights. *Commonwealth* v. *Santo,* 375 Mass. 299, 303 (1978). *Commonwealth* v. *Mahnke,* 368 Mass. 662, 666-667 (1975). It is to be noted that the defendant's second confession was made to the police in the course of conversations which he had initiated in the hope, which was realized, of obtaining a reduction in bail in return for certain information which he was prepared to disclose to the authorities. See *Commonwealth* v. *Stroud,* 375 Mass. 265, 270-271 (1978); *Commonwealth* v. *Black,* 4 Mass. App. Ct. 512, 516 (1976). 2. There was no abuse of discretion in the judge's refusal to allow defense counsel in his closing to argue that inferences could be drawn from the Commonwealth's failure to produce as a witness the owner of the automobile used in the robbery. The judge's finding that that individual was as available to the defendant as to the Commonwealth was an adequate ground for the ruling. *Grady* v. *Collins Transp. Co.,* 341 Mass. 502, 506 (1960). Hughes, Evidence § 108, at 92 (1961). 3. The defendant took the stand and was questioned by defense counsel at the end of the first day of trial; but he failed to appear for cross-examination on the following day. The Commonwealth suggested in closing argument that a permissible inference might be drawn against the defendant due to his absence. See *Commonwealth* v. *Gilday,* 367 Mass. 474, 496 (1975). The defendant's objection to this line of argument was overruled and the defense took no exception. In these circumstances the judge's ruling resulted in no substantial risk of a miscarriage of justice. *Commonwealth* v. *Brimage, ante* 869, 870 (1978).

*Judgments affirmed.*

The case was submitted on briefs.
*Shambhu K. Rai* for the defendant.
*Charles A. Murray, III,* Assistant District Attorney, & *Thomas J. Carey, Jr.,* Assistant District Attorney, for the Commonwealth.