**Robert Eugene SMITH, Appellant,**
**v.**
**UNITED STATES of America,**
**Appellee.**
**No. 22467.**

United States Court of Appeals
Ninth Circuit.
Oct. 30, 1968.

Harry J. Mangrum (argued), Las Vegas, Nev., for appellant.

Robert S. Linnell (argued), Asst. U. S. Atty., Joseph L. Ward, U. S. Atty., Las Vegas, Nev., for appellee.

Before MADDEN, Judge of the Court of Claims, and MERRILL and HUF-STEDLER, Circuit Judges.

PER CURIAM:

Appellant was convicted of robbing an FBI agent of property belonging to the United States in violation of 18 U.S.C. § 2112. He appeals from his conviction.

The arresting officer was also the victim of the robbery. Prior to arresting appellant he had confronted him on the street, suspected him of being the robber, secured his address, gone there, talked to the lessee of the premises with whom appellant was staying (learning from him that appellant had shown him an FBI badge with the explanation that he had "rolled an FBI man"), and observed some of appellant's effects (some of which were later seized in a search following appellant's arrest).

Two problems are presented:

1. The admissibility of testimony by the arresting officer as to certain articles seen among appellant's effects prior to his arrest.

The fact that these articles themselves were suppressed as having been seized in a colorable violation of the McNabb Rule does not render the officer's testimony similarly tainted. His observations, to which he testified, occurred before arrest and before seizure of the articles.

The officer's testimony respecting a knife was subsequently stricken. This apparently was in response to the court's view that observation of the knife might well have occurred in the course of an unlawful search. The question of the legality of the search did not arise at the time of the officer's testimony but at the time when conflicting testimony (that the knife was not in plain view) was received from the lessee of the premises. Under these circumstances the striking of the testimony and the District Court's cautionary instructions to the jury adequately protected the defendant.

2. The admissibility of a lapel pin found in the course of a search of appellant's person incident to his arrest.

The officer's subjective reliance, in making the arrest, upon his prior discovery of the knife did not reflect upon probable cause for arrest. The existence of probable cause is not determined by an analysis of the extent of subjective certainty of the arresting officer, but by an objective standard of reasonableness. Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949). At the time of the arrest the officer was in possession of facts more than ample to provide probable cause to suppose that appellant was the robber, even without reliance upon the discovery of the knife. The arrest, then, was proper and the lapel pin was admissible as the product of a search incident to a lawful arrest.

Other assignments of error we regard as without merit.

Judgment affirmed.