**UNITED STATES of America,**
**Appellee,**

v.

**Charles P. BOURASSA, Appellant.**

**Nos. 103–68, 104–68.**

United States Court of Appeals
Tenth Circuit.

May 15, 1969.

Guy L. Goodwin, Asst. U. S. Atty., Wichita, Sedgwich County, Kansas, for appellee.

John S. Seeber, Wichita, Kan., for appellant.

Before HILL and HOLLOWAY, Circuit Judges, and BRATTON, District Judge.

HOLLOWAY, Circuit Judge.

This appeal follows conviction by a jury verdict on charges of possessing and passing counterfeit coins in violation of 18 U.S.C. § 485 and on a bail jumping offense under 18 U.S.C. § 3150. The latter charge arose from appellant's failure to appear for the first trial setting on the counterfeiting offenses. The cases were consolidated for a trial which resulted in judgments of conviction and 5-year concurrent sentences on the possessing and passing counts, and an additional 5-year concurrent sentence on the bail jumping offense.

Due to the jury verdicts against appellant, the record must be viewed in the light most favorable to the Government's case which showed these facts. Appellant was observed one night in June, 1967, leaving the Blue Lounge Tavern in Wichita by an officer of the city police force. A short distance away the officer pursued a car being driven at high speed for about eight blocks through the city streets, using his red light and siren during about half of the chase. The speeding vehicle turned into an alley and some bushes and the officer then found that it was appellant who was driving and removed him from the vehicle, handcuffed him, searched his person for weapons and placed him in the front seat of the police car. Another officer was then summoned.

After some conversation the officer determined that appellant had been drinking but was not intoxicated. He decided to release appellant to the custody of Green who had come out of the house where the chase ended and confirmed a friendship with appellant. On removing appellant from the police vehicle to unlock the handcuffs, the officer noticed on the car seat a coin which appeared similar to one he had seen earlier and understood to be a counterfeit "quarter." After some discussion between the officers appellant was arrested for possession of the counterfeit coin.

At about this point appellant said he had not cheated anybody out of anything and had been using the coins in the pool table at the Blue Lounge. There is some conflict in the statements of the officers, but there was testimony that this statement by appellant about the coins occurred with no questioning and prior to the giving of a *Miranda* warning. After the warning was read to him appellant was searched and four additional counterfeit "quarters" were found. One officer later found nine additional counterfeit "quarters" in the coin operated pool table at the lounge. Following a Secret Service investigation this prosecution was commenced.

For reversal appellant argues primarily that the District Court erred in denying a motion to suppress evidence consisting of the coins and the statement by appellant about them, related above. The Court found that the first coin was seen during a lawful arrest for speeding; that the remaining coins were found during a lawful search; that the original statement was voluntary; but that later statements, made after the warning, occurred without the express waiver required by Sullins v. United States, 389 F.2d 985 (10th Cir. 1968), and suppressed them. The record supports the findings and we conclude there was no error in these or other rulings and affirm.

Appellant's primary contention is that the original coin was observed as the result of an unlawful search, requiring it and other evidence to which it led to be suppressed. Appellant's driving at high speed afforded probable cause for his arrest for speeding and his detention for that reason. Massey v. United States, 358 F.2d 782 (10th Cir. 1966), cert. denied, 385 U.S. 878, 87 S.Ct. 159, 17 L.Ed.2d 105 (1966); K.S.A. 13–623, 13–625. There was a search of appellant's person for weapons before he was put in the police car. However, the coin was not produced by the search, but was merely seen on the car seat when appellant got out. Obviously the coin was

dropped by appellant or fell from his clothing. The officer had the right to be in the position where he saw the coin which fell into plain view and was subject to seizure and to introduction into evidence. Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968); Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); Goodwin v. United States, 121 U.S.App. D.C. 9, 347 F.2d 793 (1965), cert. denied, 382 U.S. 920, 86 S.Ct. 300, 15 L.Ed.2d 234 (1965); United States v. Williams, 314 F.2d 795 (6th Cir. 1963). Thus, the original coin was not the product of a search and was lawfully seized.

■ Moreover, we conclude that the original detention of appellant and his restriction of movement constituted a lawful arrest, as did the District Court. K.S.A. 13–623, 13–625, 62–1202; Massey v. United States, supra.[1] Such arrest permitted a search. Massey v. United States, supra; Cook v. United States, 346 F.2d 563 (10th Cir. 1965). Thus, even if the original coin is viewed as the product of a search, the procedure was lawful,[2] and the original coin was subject to seizure when encountered, although it was evidence of a more serious offense. Abel v. United States, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960); Cook v. United States, supra. Upon discovery of the original counterfeit coin, the officers made a proper arrest for its possession and lawfully performed their duty by making the search leading to the additional counterfeit coins. Thus, all the coins were properly subject to seizure and introduction in evidence.

■ It is argued that appellant's statement to the officers before the *Miranda* warning should have been suppress-

ed. This was the remark made when appellant was placed under arrest for possession of the counterfeit coin initially discovered. At about that point appellant stated that he hadn't cheated anyone and had only used the coins at the pool table in the lounge. There were conflicts in the officers' recollection of the events, but there was testimony that the statement was made voluntarily and without any questioning. The District Court found that the remark was voluntary and the finding is supported. We accept appellant's proposition that after arrest for possession of the original counterfeit coin he was in custody for the purposes of *Miranda* safeguards. See Orozco v. Texas, 394 U.S. 324, 89 S.Ct. 1095, 22 L.Ed.2d 311 (1969). However, since the statement was voluntary and not produced by interrogation, it was admissible. Miranda v. Arizona, 384 U.S. 436, 478, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (1966); United States v. Godfrey, 409 F.2d 1338 (10th Cir. 1969). It is further contended that the testimony about the statement was so contradictory that no sufficient foundation was laid for its admission. We do not agree. The proof was of sufficient probative value to go to the jurors who were entitled to weigh any contradictions. Van Nattan v. United States, 357 F.2d 161 (10th Cir. 1966).

■ It is urged that the admission of the coins in evidence was error because of gaps in proof of the chain of possession after their seizure. There was testimony by one officer that the original five coins seized were those offered as such, based on initials scratched on one coin and tape identification on others. The remaining coins were identified by the other officer as those found at the

---

1. Appellant argues that there was no lawful arrest since no formal traffic citation was issued, relying on K.S.A.1968 Supp., 8–5, 129a and State v. Cook, 194 Kan. 495, 399 P.2d 835 (1965). However, we agree with the District Court that a lawful arrest was effected upon the detention of appellant and find no contrary indication in Kansas or Federal law.

2. The search for weapons and all the actions of the officers were clearly reasonable in view of appellant's actions. See Terry v. Ohio, 392 U.S. 1, 19, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); United States v. Humphrey, 409 F.2d 1055 (10th Cir. 1969).

lounge that night from an initial marked on one and the fact that all coins were sealed in an envelope, and by proof of the Secret Service agent that the coins offered were those from this envelope, based on some scratches he made. We conclude that the admission of the exhibits was no abuse of the discretion of the trial court on the sufficiency of identification. Rosemund v. United States, 386 F.2d 412 (10th Cir. 1967); Reed v. United States, 377 F.2d 891 (10th Cir. 1967).

Appellant claims error in the refusal of the District Court to reduce to a single count the separate charges for possessing and passing counterfeit coins in violation of 18 U.S.C. § 485.[3] The argument is that by grammatical rearrangement which placed the offenses of possessing and passing within the same clause, Congress made it only one offense to violate the counterfeiting laws by both possessing and passing such coins.[4] We do not agree.

The present statute aims at "Whoever passes, utters, publishes, sells, possesses, or brings into the United States." any counterfeit coins or the like. This Court has rejected appellant's contention when made under the statutory predecessor, Section 163 of the Criminal Code of 1909, set out in the margin. In Reger v. Hudspeth, 103 F.2d 825 (10th Cir. 1939), cert. denied, 308 U.S. 549, 60 S.Ct. 79, 84 L.Ed. 462 (1939), it was held that the earlier statute made possession of such a coin one offense and passing or uttering of it another. While the earlier statutory provision more clearly set apart the offense on possession, we conclude that the result is the same under 18 U.S.C. § 485. As the *Reger* opinion states, possessing and passing are separate and distinct and not a continuous offense, and each count requires proof of distinct facts. See Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); Aiuppa v. United

---

3. Count I charged in substance possessing 14 counterfeit 25-cent coins in violation of § 485. Count II charged in substance that appellant did pass, utter and publish 9 counterfeit 25-cent coins in violation of § 485.

4. Three versions of the counterfeiting statues are of some relevance. Prior to the 1948 codification, former Section 163 of the penal code provided in pertinent part as follows:
 "* * * or whoever shall pass, utter, publish, or sell, or attempt to pass, utter, publish, or sell, or bring into the United States or any place subject to the jurisdiction thereof, from any foreign place, knowing the same to be false, forged, or counterfeit, with intent to defraud any body politic or corporate, or any person or persons whomsoever, or shall have in his possession any such false, forged, or counterfeited coin or bars, knowing the same to be false, forged, or counterfeited, with intent to defraud any body politic or corporate, or any person or persons whomsoever, shall be fined not more than five thousand dollars and imprisoned not more than ten years." (35 Stat. 1119)
 In the 1948 codification the statute was amended and became 18 U.S.C. §

485, which provided in pertinent part as follows:
 "Whoever passes, utters, publishes or sells, or attempts to pass, utter, publish, or sell, or bring into the United States, from any foreign place, knowing the same to be false, forged, or counterfeit, with intent to defraud any body politic or corporate, or any person, or possesses any such false, forged, or counterfeited coin or bars, knowing the same to be false, forged, or counterfeited, with intent to defraud any body politic or corporate, or any person—
 "Shall be fined not more than $5,000 or imprisoned not more than fifteen years, or both." (62 Stat. 708)
 18 U.S.C. § 485 was amended in 1965 and presently provides in pertinent part as follows:
 " 'Whoever passes, utters, publishes, sells, possesses, or brings into the United States any false, forged, or counterfeit coin or bar, knowing the same to be false, forged, or counterfeit, with intent to defraud any body politic or corporate, or any person, or attempts the commission of any offense described in this paragraph—
 " 'Shall be fined not more than $5,000 or imprisoned not more than fifteen years, or both.' " (79 Stat. 257)

States, 393 F.2d 597 (10th Cir. 1968), vacated on other grounds sub nomine Giordano v. United States, 394 U.S. 310, 89 S.Ct. 1164, 22 L.Ed.2d 297 (1969); Kinsella v. Looney, 217 F.2d 445 (10th Cir. 1954). Thus, the District Court properly construed the statute as providing for separate offenses.

 It is argued that there was neither proof that the coins were counterfeit nor that appellant knew they were not genuine. The Secret Service agent who testified exhibited ample experience in the field of detecting counterfeit currency and the trial court's discretion in admitting expert testimony was not abused. Wolford v. United States, 401 F.2d 331 (10th Cir. 1968). Based on defects observed, the expert testified that the coins were counterfeit. Moreover, appellant's statement that he had not cheated anyone with the coins and had only used them in the coin operated pool table, together with other proof, was sufficient to permit the inference that appellant knew the coins were not genuine. The convictions are amply supported when the direct and circumstantial evidence is viewed in the light most favorable to the prosecution, as we must due to the jury verdict. Van Nattan v. United States, supra.

 Appellant also claims error in connection with his bail jumping conviction. He asserts that the trial court failed to instruct that notice to him of the trial setting must be proved. The instructions properly laid out the required proof of an offense under 18 U.S.C. § 3150 including, among other things, proof that he was admitted to bail conditioned on his appearing for a further trial as ordered; that he willfully failed to appear; and that willfully meant committed voluntarily and with the purpose of violating the law, and not by mistake, accident, or in good faith The charge was sufficient without re-

quiring proof of explicit notice of the trial date. United States v. Hall, 346 F.2d 875 (2d Cir. 1965), cert. denied, 382 U.S. 910, 86 S.Ct. 250, 15 L.Ed.2d 161 (1965).

 It is also argued that it was error to permit appellant's former attorney to testify that he notified appellant to be present for his first trial in October, 1967, on the counterfeiting charges because the proof violated the attorney-client privilege and was cumulative.[5] Relating such notice to the client was counsel's duty as an officer of the court, and was not within the privilege. United States v. Hall, supra. And admitting such proof by two witnesses was no abuse of the trial court's discretion in dealing with objections that the proof was cumulative. United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 230, 60 S.Ct. 811, 84 L.Ed. 1129 (1940).

 Appellant claims several errors in procedure. It is argued that consolidation of the counterfeiting and bail jumping cases for trial was reversible error. We conclude that the offenses were sufficiently connected together for joinder under Rule 8(a) and were therefore subject to consolidation under Rule 13, F.R.Crim.P. See Bayless v. United States, 381 F.2d 67, 71–72 (9th Cir. 1967). While bail jumping was a separate offense, proof of it was not prejudicial in the counterfeiting case where flight was a circumstance that might be considered in determining guilt. Hanks v. United States, 388 F.2d 171 (10th Cir. 1968), cert. denied, 393 U.S. 863, 89 S.Ct. 144, 21 L.Ed.2d 131 (1968); Burroughs v. United States, 365 F.2d 431 (10th Cir. 1966). The cases did not involve complex proof and we conclude that consolidation was not an abuse of discretion. Smith v. United States, 357 F.2d 486, 489 (5th Cir. 1966). In any event in separate trials of each case some reference to the basic facts of the other

---

5. The bondsman testified that he notified appellant several days in advance to be present on the October, 1967, trial date. When appellant failed to appear in court, the bondsman went to appellant's residence and found it empty. Appellant was apprehended in Amarillo in January, 1968.

case would have been permitted so that if consolidation was improper, it was harmless error. Rule 52(a) F.R.Crim. P.; United States v. Kelley, 105 F.2d 912, 916–917 (2d Cir. 1939).

Complaint is made of denial of a change of venue sought because of a newspaper story before trial. The article was relatively innocuous. There was no showing of an excited populace and it is conceded that on voir dire no juror recalled the article so that no denial of a fair trial was shown. Welch v. United States, 371 F.2d 287 (10th Cir. 1966), cert. denied, 385 U.S. 957, 87 S. Ct. 395, 17 L.Ed.2d 303 (1966). Error is claimed in the admission of testimony by one officer that the coin seen on the car seat appeared similar to one he had seen earlier and understood to be counterfeit. No connection of appellant to a separate offense was attempted, and if such testimony was irrelevant, admission of the proof was not prejudicial error or reversible. Guffey v. United States, 310 F.2d 753 (10th Cir. 1962). And we likewise conclude that the closing argument of Government counsel complained of involved no prejudice. Guffey v. United States, supra.

The record reveals a fair trial and the judgments are affirmed.