Kyle Douglas **MEADE**, Appellant,

v.

**James D. COX**, Superintendent, Virginia State Penitentiary, Appellee.

No. 14510.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 11, 1970.

Decided Feb. 4, 1971.

J. Lawrence Manning, Jr., Washington, D. C. (Court-assigned), for appellant.

Van H. Lefcoe, Asst. Atty. Gen. of Va. (Andrew P. Miller, Atty. Gen., on brief) for appellee.

Before HAYNSWORTH, Chief Judge, BRYAN, Circuit Judge, and MARTIN, District Judge.

MARTIN, District Judge:

Kyle Douglas Meade appeals from an order of the district court denying his petition for a writ of habeas corpus without a hearing based upon the state court record.

Meade was found guilty of second degree murder by a jury and was sentenced on July 3, 1967, to eighteen years imprisonment by the Circuit Court of Russell County, Virginia. The Virginia Supreme Court of Appeals affirmed the conviction, whereupon Meade petitioned the trial court for a writ of habeas corpus. The petition was denied and dis-

missed upon review of the record without a plenary hearing. The district court denied Meade's present petition on February 16, 1970, 310 F.Supp. 233, and this appeal followed.

About Noon on February 13, 1967, Meade and his wife were driving in Asheville, North Carolina, when they were stopped by two Asheville policemen. Meade was driving a 1966 Chrysler with 1966 Virginia license plates. The officers had received a radio report and as a result of the report the officers stopped Meade. One of the officers questioned Meade about an attempted sale of a pistol at a pawn shop in Asheville, while his colleague obtained possession of a .32 caliber pistol from his wife which she was carrying in her pocketbook. The tactics used in obtaining the pistol are in dispute.

When Meade could not produce the title or other indicia of ownership of the automobile, he, his wife and the automobile were taken to the Asheville police station. There Meade stated that the car belonged to his brother-in-law, who worked in a local factory. When the factory reported that the brother-in-law was not employed there, Meade and his wife were formally arrested, she for carrying a concealed weapon, he for the crime of aiding and abetting carrying a concealed weapon.

About thirty minutes after they arrived at the police station, the police asked permission to search the car. Meade refused; the police searched nevertheless. The search disclosed a .22 caliber pistol in the glove compartment. Several hours later Meade without counsel gave a statement to the police concerning the shooting in Virginia.

The issues presented on this appeal are the validity of seizure of the two pistols, the .32 caliber from the wife's pocketbook and the .22 caliber from the glove compartment of the car, and the admissibility of Meade's statement given to the Asheville police officer after his arrest.

The district court held that Meade had no standing to question the validity of the seizure of the pistols, and did not determine the legality of their seizure. The appellant convincingly urges that under the policies set forth in Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), he has standing. We do not decide the case on that ground since for reasons hereinafter stated we conclude that the searches were legal.

■ The seizures of the two pistols arose out of different factual situations. The seizure of the .32 caliber pistol from the wife's pocketbook was reasonable under the policies enunciated in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L. Ed.2d 889 (1967). The arresting officer received a police radio report which led him to believe that Meade was carrying a gun and trying to dispose of it. After spotting Meade the officer requested help from another officer and while waiting for the arrival of the second officer the first officer observed Meade and his wife stop at several business establishments. The behavior of Meade and his wife was suspicious and in light of the police report the officers were justified in the limited search.

■ The .22 caliber pistol was taken from the glove compartment of the car at the police station about 30 minutes after Meade was in custody. The search was conducted without a warrant. At the time, the officers had determined that Meade had no title papers or registration card, and that his version of the ownership of the car was false. Additionally, the car bore Virginia license plates while Meade claimed to be a resident of North Carolina. Furthermore, the officers had previously discovered the .32 pistol being carried by his wife. In view of the factual circumstances existing at the time of the search the officers had probable cause to believe that the car was stolen and had the right to search for evidence of the theft. The search was within the rule set forth in Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).

Later that afternoon, Meade, without counsel, made a statement to the police. Meade related to the police that while hitch-hiking in Virginia the day before, he was picked up by a man in the 1966 Chrysler. After traveling ten to fifteen miles, the man made improper advances. Meade would not cooperate whereupon the man turned onto a dirt road and after traveling about two miles stopped the car and they both got out. As the man came around the rear of the Chrysler, he pointed the .32 caliber pistol at Meade and pulled the trigger. The gun failed to fire. Meade then pulled out his .22 caliber pistol and shot the man four times. After picking up the .32 caliber pistol, he drove off in the Chrysler.

Meade contends that his statement given to the police without counsel was not admissible. There is some dispute in the record about the voluntariness of the statement, but in any event the statement was harmless. The contents of the statement were identical to Meade's testimony at the trial. Meade contended at trial that he acted in self-defense. The initial statement merely corroborated the only defense Meade could avail himself of under the circumstances and in the light of the overwhelming admissible evidence against him.

Affirmed.