COMMONWEALTH *vs.* PHILIP STEVENS.

Norfolk.    March 6, 1972. — June 2, 1972.

Present: TAURO, C. J., CUTTER, SPIEGEL, REARDON, & HENNESSEY, JJ.

*Arrest.    Search and Seizure.    Probable Cause.*

Discussion of the standard of probable cause for making an arrest or search without a warrant, and of hearsay as the basis of police action. [26–28]

No proper judicial determination could be made as to whether the police had probable cause to arrest and search the defendant in a criminal case without a warrant where it appeared only that police officers arrested the defendant in his motor vehicle after being told by a Federal agent that the agent had received a tip from a confidential source, who had proved reliable in the past, that the defendant had stolen jewels in his motor vehicle, and that the police officers knew that he had previously been convicted of receiving stolen property. [28–29]

An affidavit executed by an applicant for a warrant to search the motor vehicle of one later charged with receiving stolen property was deficient on its face for its failure to set forth sufficient facts showing probable cause for issuance of the warrant where it stated merely that on being arrested for receiving stolen property a search of his person disclosed jewelry, and that the affiant had "reason to believe" that there was other jewelry in the motor vehicle. [29]

COMPLAINTS received and sworn to in the Municipal Court of Brookline on February 20, 1970.

Upon appeal, a motion to suppress was heard in the Superior Court by *Tomasello, J.*

*Walter T. Healy* for the defendant.

*John P. Connor, Jr.,* Assistant District Attorney, for the Commonwealth.

HENNESSEY, J. Stevens is charged, in four complaints, with receiving stolen goods. A motion to suppress the evidence described in the complaints was denied by a Superior Court judge. A justice of this court allowed the defendant's application for an interlocutory appeal from the Superior Court judge's ruling. G. L. c. 278, § 28E.

We set forth the facts. On February 6, 1970, at approximately 8:30 A.M. Special Agent Lucksted of the Federal Bureau of Investigation called by telephone a Captain May of the Brookline police department and informed Captain May that he "had received information from a reliable, confidential source of mine that Mr. Philip Stavros, also known as Philip Stevens, had a large quantity of jewelry which had been previously stolen or which, in the vernacular, was hot and that this jewelry was in his black-and-white Cadillac." Captain May said he knew and was familiar with the defendant's black and white Cadillac. Agent Lucksted also advised Captain May that his source "had furnished information which had proven reliable in the past and . . . that our office had made some recoveries and some arrests from that information."

Officer Lucas and Detective Hayes of the Brookline police were ordered about 9 A.M. of the same day to proceed to the defendant's store, place the store under surveillance and arrest the defendant when he came out. At this time both Hayes and Lucas knew that the defendant had been convicted of receiving stolen property in the past. Lucas and Hayes immediately proceeded to the defendant's market on Cypress Street, Brookline, where they observed the defendant's motor vehicle, which was known to them, parked on the street just down from the store. Neither officer entered the store or investigated

to see if the defendant was actually in the store. Both officers remained in the immediate vicinity of the store, where the defendant's car remained parked, until approximately 4 P.M., when the defendant left the store and entered his car. Lucas did not notice if the defendant was carrying anything as he entered his vehicle. Lucas then observed the defendant drive toward Brookline Village where he was stopped and placed under arrest for suspicion of receiving stolen property. The defendant was then searched by Hayes and a small, blue velvet pouch containing rings was removed from one of his pockets.

At the time of the arrest and search, the police had neither an arrest warrant for the defendant nor a search warrant for his vehicle, and did not know of any such warrants being in existence. The defendant was then booked for receiving stolen property, more specifically the items removed from the blue pouch. Lucas then applied for a search warrant for the defendant's motor vehicle to search for jewelry. After the police had procured a search warrant, they searched the defendant's automobile. After they observed certain items of clothing in the trunk of the automobile, they applied for a second search warrant for the items in the trunk.

The items seized from the person and automobile of the defendant are the subject matter of his motion to suppress. He contends that all items were obtained by the police by means of illegal search. On the present record, the merits of this contention cannot be readily ascertained.

1. Whether the arrest of the defendant, and the search of his person, were constitutionally valid "depends in turn upon whether, at the moment the arrest was made, the officers had probable cause to make it — whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the defendant had committed or was committing an offense." *Beck* v. *Ohio*, 379 U. S. 89, 91.

*Commonwealth* v. *Mitchell,* 353 Mass. 426, 428. See *Commonwealth* v. *Andrews,* 358 Mass. 721, 723. The converse of this rule is that a person cannot be arrested on mere suspicion or rumor. *Commonwealth* v. *Dirring,* 354 Mass. 523, 531. The same Fourth Amendment standards of probable cause are applicable to arrests as well as to searches. *Giordenello* v. *United States,* 357 U. S. 480, 486. *Whiteley* v. *Warden,* 401 U. S. 560, 564. *United States* v. *Harris,* 403 U. S. 573, 588 n. (dissenting opinion).

Where hearsay is the basis of action by the police, they must have a substantial basis for crediting the hearsay, *Jones* v. *United States,* 362 U. S. 257, 269. *United States* v. *Harris,* 403 U. S. 573, 581. *Commonwealth* v. *Rossetti,* 349 Mass. 626, 631–632. Credibility is established by meeting two requirements, viz. (1) there should be underlying facts and circumstances indicating the informant's reliability, and (2) there should be underlying facts and circumstances on which the informant bases his information that the defendant is engaged in criminal activity. *Aguilar* v. *Texas,* 378 U. S. 108, 112–116. See *McCray* v. *United States,* 386 U. S. 300, 304; *United States* v. *Cobb,* 432 F. 2d 716, 719 (4th Cir.); *United States* v. *Mendoza,* 433 F. 2d 891, 894 (5th Cir.), cert. den. 401 U. S. 943; *Williams* v. *Adams,* 441 F. 2d 394 (2d Cir.); *United States* v. *Fuller,* 441 F. 2d 755, 759 (4th Cir.); *United States* v. *Buonomo,* 441 F. 2d 922, 929 (7th Cir.).

An arrest and search may be upheld where the informant's tip fails for some reason to meet the two-pronged test described above, provided that the tip is sufficiently corroborated by other sources. The constitutional requirements are met if it can fairly be said that the tip, when corroborated by independent sources, is as trustworthy as a tip which would pass the two-pronged test. *Spinelli* v. *United States,* 393 U. S. 410, 415. The observation by police officers of suspicious acts of the defendant may constitute sufficient corroboration of the tip. *Commonwealth* v. *Chaisson,* 358 Mass. 587, 588–

590. *Commonwealth* v. *Cohen,* 359 Mass. 140, 144–145. *United States* v. *Newsome,* 432 F. 2d 51, 53 (5th Cir.). *Buelna-Mendoza* v. *United States,* 435 F. 2d 1386, 1388 (9th Cir.). *United States* v. *Birdsong,* 446 F. 2d 325, 327–328 (5th Cir.). Sufficient corroboration also has been found where the informant described the appearance, conduct, and expected behavior of the defendant in substantial detail. *Draper* v. *United States,* 358 U. S. 307.

2. In the case before us, the reliability of the informant was established by the accuracy of similar information that he had previously given to the Federal authorities. *Jones* v. *United States,* 362 U. S. 257, 269. *United States* v. *Mendoza,* 433 F. 2d 891, 894 (5th Cir.). *United States* v. *Fuller,* 441 F. 2d 755, 759 (4th Cir.). *United States* v. *Birdsong,* 446 F. 2d 325 (5th Cir.). However, there was no showing of any underlying facts upon which the informant based his information, such as observation by the informant of criminal activity by the defendant (*McCray* v. *United States,* 386 U. S. 300, 303–304), or observation by the informant of highly suspicious circumstances related to the defendant (*Commonwealth* v. *Lanoue,* 356 Mass. 337), or joint participation by the informant and the defendant in criminal conduct (*Jones* v. *United States,* 362 U. S. 257. See *United States* v. *Harris,* 403 U. S. 573). Also, the circumstances described from other sources were less than satisfactory corroboration of the informant's tip. The conduct of the defendant actually observed by the Brookline police was innocent in appearance. Nor was it in itself sufficient that the police had knowledge that the defendant had previously been convicted of receiving stolen goods. See *United States* v. *Melvin,* 419 F. 2d 136, 141 (4th Cir.). See also *Beck* v. *Ohio,* 379 U. S. 89. "These facts [that the defendant had a record of similar crimes] may be significant in connection with other basic facts but, standing alone, are of slight importance in establishing probable cause." *Commonwealth* v. *Rossetti,* 349 Mass. 626, 633. The facts provided by the informant as

to the suspect's description and conduct were substantially less detailed than those in the *Draper* case, *supra.*

The essential difficulty here is not that it has been shown that there were no existing circumstances sufficient to establish the reliability of the hearsay information, but rather that there was incomplete inquiry into those circumstances at the hearing. Questions by defence counsel which were apparently aimed at establishing the underlying facts, if any, on which the informant based his information that the defendant was in possession of stolen goods were excluded by the judge upon objections of the Commonwealth. We conclude that justice will be best served if further inquiry is now ordered into the relevant circumstances, and a ruling is then made by the judge in the light of all the evidence material to the motion. We do not intimate that the identity of the informant may be crucial to the issue, or that the defendant may be entitled to a disclosure of the informant's identity. *McCray* v. *Illinois*, 386 U. S. 300.

3. The warrants obtained by the police for the search of the automobile were not valid because the affidavits filed by the police failed to set forth sufficient grounds for the issuance of the warrants.[1] *Commonwealth* v. *Rossetti*, 349 Mass. 626, 632. *Commonwealth* v. *Monosson*, 351 Mass. 327, 330. *Commonwealth* v. *Causey*, 356 Mass. 125, 127. Therefore, the judge's rulings as to the legality of the search of the vehicle will be determined by whether there was probable cause for the search. *Chambers* v. *Maroney*, 399 U. S. 42. *Commonwealth* v. *Haefeli*, 361 Mass. 271.

4. The order of the judge denying the motion to suppress evidence is vacated and the case is remanded to the

---

[1] The affidavit for the first search warrant stated: "As the result of the arrest of Philip Stevens, 39 Crowninshield Rd., Brookline, Mass. on the charge of Receiving Stolen Property a search of his person disclosed diamond rings and unset diamonds. At the time of his arrest he was operating a 1967 Cadillac, Mass. Reg. G34-648 and I have reason to believe that there are other diamonds and stolen jewelry in this car." The affidavit for the second search warrant was substantially the same and contained no additional information.

Superior Court, for a resumption of the hearing of the motion to suppress, and for findings and rulings thereon and further proceedings consistent with this opinion.

*So ordered.*