**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Leandrew HENDERSON, Jr., Defendant-Appellant.**

**No. 72–1524.**

United States Court of Appeals, Sixth Circuit.

Argued Dec. 5, 1972.

Decided Jan. 25, 1973.

Jeff E. Feibelman (Ct. Apptd.), Memphis, Tenn., for defendant-appellant.

J. N. Raines, Asst. U. S. Atty., for plaintiff-appellee; Thomas F. Turley, Jr., U. S. Atty., J. N. Raines, Asst. U. S. Atty., Memphis, Tenn., on the brief.

Before PHILLIPS, Chief Judge, PECK, Circuit Judge, and O'SULLIVAN, Senior Circuit Judge.

PER CURIAM.

Leandrew Henderson, Jr., was convicted of larceny and burglary on a United States Naval Air Base. Henderson and a companion entered the Naval

Base illegally; they were able to avoid detection as they made such entry. Later they were stopped while driving a vehicle the wrong way on a one-way street. When they were stopped, an officer sought to determine whether they had any credentials to show that they had made a legal entry onto the Base. They were able to produce no such credentials. The security guard took the car and its occupants to the Security Building. One of the officers turned a flashlight into the car and observed a navy peacoat in the back. As neither the appellant nor his companion were in the service, this caused the officer to be suspicious of their carrying of this navy equipment. Upon opening the door, the officer discovered a second peacoat, and both coats were stenciled with the name of the owners, navy men stationed at the Base. Using this discovery, a search warrant was obtained for the vehicle and it was learned that the two coats had been stolen. A Motion was made to suppress this evidence on the ground that the first search was illegal and, therefore, the evidence could not be used. We are satisfied that there was reasonable cause for the officer who saw in plain view the first coat to further investigate the contents of the vehicle. The evidence clearly showed that the coats had been stolen, and such evidence was properly admitted. We are satisfied that there was probable cause for the search of the vehicle at the time the appellant and his companion were apprehended. See Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).

 A second contention of appellant arises from the fact that on the day, before the case was to be submitted to the jury, appellant's co-defendant disappeared and as far as the record shows he is still a fugitive from justice. Appellant argues that a severance should have been granted when his co-defendant failed to appear. We do not believe that a severance was required at that time and for the Court to have declared a mistrial might indeed have resulted in a plea of double jeopardy had the government sought later to carry on the prosecution. The District Judge gave proper instruction to the jury, warning them that they were not to give any consideration to the fact that appellant's co-defendant was no longer present when the case was submitted to the jury.

We find no error in the Court's handling of the matter. The judgment of the District Court is affirmed.