## COMMONWEALTH *vs.* JOHN D. MILLER.

Hampshire.    May 6, 1974. — November 14, 1974.

Present: TAURO, C.J., REARDON, QUIRICO, BRAUCHER, HENNESSEY, KAPLAN, &
WILKINS, JJ.

*Search and Seizure.    Constitutional Law,* Search and seizure.    *Probable Cause.*

A police officer who, upon his approach, heard an occupant of a van say,
"Let's go, here come the cops," and who observed a clear plastic
packet containing a green substance the officer believed to be
marihuana protruding from the pocket of the defendant, operator of
the van, had probable cause to search the van, and it was error to
allow the defendant's motion to suppress evidence resulting from that
search. [388-390] HENNESSEY, J., dissenting, with whom KAPLAN and
WILKINS, JJ., joined.

NINE INDICTMENTS found and returned in the Superior
Court on November 17, 1971.

A motion to suppress evidence was allowed by *Lappin, J.*

*John M. Callahan,* District Attorney (*Stephen R. Kaplan,* Assistant District Attorney, with him) for the Commonwealth.

*Richard C. Whittier* for the defendant.

REARDON, J.    The Commonwealth appeals under G. L.
c. 278, § 28E, from an order allowing in part the defendant's motion to suppress evidence in cases involving narcotic charges. The trial judge made findings of fact in part as
follows. A special officer of the Amherst police department,
acting on the possibility that a Ford Econoline van was not
properly registered, stopped it as it pulled away from the
curb in an Amherst street. On request the operator handed
the officer the registration of the van and alighted from the
van, at which time the officer observed a "clear plastic
packet containing a green substance protruding about an

inch and a half from the left pocket of the garment that the operator was wearing." From his prior experience the officer believed this to be marihuana and thereupon seized it, placing the operator of the van under arrest and simultaneously also placing the other four occupants of the motor vehicle under arrest. He radioed for assistance and two additional officers responded, at which time the four occupants of the van were ordered to alight, being then transported immediately to the Amherst police station a short distance away. "At the time of the arrest the officer did not know of any other marijuana that was present in the car nor did he suspect the presence of any other contraband in the car." It was dark, there was no lighting inside the van, and it would have been impossible for the officer to have observed a knapsack with protruding marihuana inside the van that he testified to having seen. There was no indication that anyone had been smoking marihuana in the van. The judge found that the arresting officer had no warrant when he searched the van at the spot where he had stopped it, and after the occupants had been placed in custody and transported to the police station at a time when he was in complete charge and control of the van, and when there was no likelihood that the van would be removed because of the exclusive control of the Amherst police. He further found that the officer had engaged in an unreasonable search and seizure. The motion to suppress evidence of the articles in the van was allowed but was denied as to the plastic bag and its contents taken from the operator.

The allowance of the motion was erroneous. If at the moment of the arrest the officer had probable cause to search the van it is indisputable that the resulting search was proper. *Commonwealth* v. *Rand,* 363 Mass. 554, 558-560 (1973). *Chambers* v. *Maroney,* 399 U. S. 42, 52 (1970). *Coolidge* v. *New Hampshire,* 403 U. S. 443, 463 (1971). *Cardwell* v. *Lewis,* 417 U. S. 583, 592-596 (1974). The difficulty seems to be that the trial judge found "that at the time the search began the officer had no probable cause to believe that there was other contraband present." It is

argued that this precludes our determination as to whether there was probable cause and that the *Chambers* case is therefore inapplicable. But the judge's conclusion on probable cause is a conclusion of law and not a finding of fact. The very purpose of our review under G. L. c. 278, § 28E, is to assess the judge's conclusion on probable cause or its absence on the facts found. This becomes obvious when a reverse decision is made as to whether there were sufficient facts to support the judge's finding that there *was* probable cause. See *Commonwealth* v. *Antobenedetto, ante,* 51 (1974). Thus the judge's conclusion of probable cause or no probable cause cannot foreclose our inquiry into its existence.

In this instance one of the occupants of the van had said on the approach of the special officer, "Let's go, here come the cops." The officer thereupon observed marihuana in the pocket of the driver. It seems clear that probable cause existed to believe that further drugs might be found in the van. There are numerous Federal cases in which it has been found that the observation of contraband in a vehicle or on the person of an occupant of a vehicle provides probable cause for a complete search for more contraband. *United States* v. *Bourassa,* 411 F. 2d 69, 72 (10th Cir. 1969), cert. den. 396 U. S. 915 (1969). *Meade* v. *Cox,* 438 F. 2d 323 (4th Cir. 1971), cert. den. sub nom. *Meade* v. *Slayton,* 404 U. S. 910 (1971). *United States* v. *Ragsdale,* 470 F. 2d 24, 28-30 (5th Cir. 1972). *United States* v. *Henderson,* 472 F. 2d 157 (6th Cir. 1973).[1]

Furthermore, as was said in *White* v. *United States,* 448 F. 2d 250, 254 (8th Cir. 1971): "Nor does the fact that at the time of the search, the officers did not completely and correctly articulate their grounds for the search invalidate it, if in fact from an objective standpoint probable cause existed. 'The test of probable cause is not the articulation of the policeman's subjective theory but the objective view of the facts.'" *Commonwealth* v. *Lawton,* 348 Mass. 129

---

[1] We do not see that St. 1974, c. 508, "An Act regulating searches conducted incident to an arrest," amending G. L. c. 276, § 1, is applicable in this instance.

(1964). *Sirimarco* v. *United States,* 315 F. 2d 699, 702 (10th Cir. 1963), cert. den. 374 U. S. 807 (1963). *Smith* v. *United States,* 402 F. 2d 771 (9th Cir. 1968). *Klinger* v. *United States,* 409 F. 2d 299, 304 (8th Cir. 1969), cert. den. 396 U. S. 859 (1969). *Dodd* v. *Beto,* 435 F. 2d 868, 870 (5th Cir. 1970).

It follows that the order of the trial judge to the extent that it allowed the defendant's motion to suppress is reversed, and the case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*

HENNESSEY, J. (dissenting, with whom Kaplan and Wilkins, JJ., join). I dissent. I believe that the Superior Court judge was right in his rulings and that his order should be affirmed. The judge's findings of fact require that conclusion.

The search of the vehicle was unreasonable under the Fourth Amendment. The majority opinion properly does not sustain the search as a search incident to a lawful arrest. The occupants of the vehicle had been placed in custody and removed from the scene before the search took place. Even if they were still present in the vicinity, a search pursuant to the arrest would be narrowly restricted by law. See *Chimel* v. *California,* 395 U. S. 752 (1969).

A warrantless search of an automobile must be based on probable cause related to the vehicle. See *Carroll* v. *United States,* 267 U. S. 132 (1925); *Brinegar* v. *United States,* 338 U. S. 160 (1949); *Preston* v. *United States,* 376 U. S. 364 (1964). See also *Commonwealth* v. *Haefeli,* 361 Mass. 271 (1972); *Commonwealth* v. *Antobenedetto, ante,* 51 (1974). Probable cause was not shown here.

The vehicle was observed by a police officer at approximately 9:40 P.M. A person was seen entering the vehicle carrying a small dog. The police officer quickly learned that his suspicions concerning the registration of the vehicle were unfounded. A majority of the Justices of this court obviously infer probable cause solely from the small quan-

tity of marihuana found on the person of the operator, together with the words of an occupant, "Let's go, here come the cops."[1] The findings of the judge make it clear that there were no other facts supportive of the search of the vehicle.

The two facts taken together do not constitute probable cause. A small quantity of marihuana found on the person, together with the words which were equivocal at best, does not show a probability that a cache of contraband might be found in the vehicle. The existence of probable cause depends on whether the facts and circumstances within the officer's knowledge at the time of making the search or seizure were sufficient to warrant a prudent man in believing that the defendant had committed, or was committing, an offense. *Commonwealth* v. *Stevens,* 362 Mass. 24, 26 (1972). *Commonwealth* v. *Mitchell,* 353 Mass. 426, 428 (1967). *Beck* v. *Ohio,* 379 U. S. 89, 91 (1964). In any case involving a warrantless automobile search, the issue of probable cause relating the vehicle to the crime must be similarly weighed. A "hunch" on the part of the police officer is not sufficient. *Terry* v. *Ohio,* 392 U. S. 1, 27 (1968). Judicial interpretation of the Fourth Amendment requires the recognition of the boundary between mere suspicion and probable cause. Admittedly, the protection of the constitutional principle may be a painful judicial experience (particularly in a case like this one where hard drugs were found in the search) since Fourth Amendment claims "rarely bear on innocence." See *Cardwell* v. *Lewis,* 417 U. S. 583, 596 (1974) (Powell, J., concurring).

The principal cases relied on by the majority do not support their conclusion. All of those cases are substantially stronger than the case before us in the supporting

---

[1] The majority opinion may be read as indicating that the statement immediately preceded the observation of the marihuana in the driver's pocket. The trial judge's findings show, however, that the statement was made when the occupants of the van first noticed the officer walking down the street. As such, the statement is not directly connected to the observation of the marihuana which occurred only after the officer signalled the van to stop, asked for the driver's license and registration, and spoke to the driver who had at that point exited from the van, thereby allowing the officer to observe the marihuana on his person.

facts and the nexus of those facts to the vehicle. None deals with the search of a vehicle based exclusively in the discovery of incriminating evidence found on the person of one standing outside the vehicle.

In *United States* v. *Henderson,* 472 F. 2d 157 (6th Cir. 1973), an unauthorized car was stopped going the wrong way down a one-way street inside a naval base. The two occupants, not servicemen, could provide no credentials explaining their presence on the base and yet the base police saw navy clothing in plain view on the back seat. These factors taken together were held to justify the issuance of a search warrant for the vehicle.

In *Meade* v. *Cox,* 438 F. 2d 323 (4th Cir. 1971), cert. den. sub nom. *Meade* v. *Slayton,* 404 U. S. 910 (1971), the officers had a report that the driver was trying to dispose of a gun, and had tried to sell it at a pawn shop. They also had probable cause to believe that the vehicle was stolen. Before they searched the vehicle they had much corroborative evidence that the vehicle was a stolen one. At that point they clearly had a right to search in the vehicle for evidence of car theft. Moreover, they had found a gun in the pocketbook of the defendant's wife, in a lawful "stop and frisk." A second gun was discovered in the glove compartment as a result of the search of the vehicle.

The defendant in *United States* v. *Ragsdale,* 470 F. 2d 24 (5th Cir. 1972), was taken into custody after driving at ninety miles an hour within the city limits. He appeared to have been driving under the influence of alcohol or drugs and was arrested. When he was ordered to get out of his car one of the two officers saw a gun in plain view on the floor of the vehicle. After the defendant was secured a warrantless search of the vehicle disclosed two guns and money.

*United States* v. *Bourassa,* 411 F. 2d 69 (10th Cir. 1969), cert. den. 396 U. S. 915 (1969), is not apposite to the facts of the instant case. That case did not involve a search of the defendant's vehicle. Rather, it concerned the seizure of a counterfeit coin which had fallen out of the defendant's clothing while he was in a police vehicle, having been lawfully arrested.

In at least one respect I agree with the reasoning of the majority. The court concludes that, once probable cause was shown, a warrantless search of the vehicle was valid in the circumstances of the instant case. In this reasoning I agree, although I do not agree that probable cause existed. As a general rule, the Fourth Amendment requires the judgment of a detached and neutral magistrate. There are, however, certain narrowly defined exceptions where, in the exigencies of particular circumstances, a search may be permissible without a warrant. It was established in *Carroll* v. *United States,* 267 U. S. 132 (1925), that such an exigency may justify a warrantless search of an automobile in a public place.

It can be argued that there was no exigency here where the occupants of the vehicle were under arrest and the car was within police control. However, in *Chambers* v. *Maroney,* 399 U. S. 42 (1970), as in the instant case, there was no reasonable likelihood that the automobile would or could be moved, and nevertheless a warrantless search of the vehicle was upheld. The dissenting Justices in *Cardwell* v. *Lewis,* 417 U. S. 583, 596-599 (1974), would hold that, even where probable cause is shown, the vehicle may be searched only with a valid warrant in any case where there is no reasonable fear that evidence might be destroyed while the warrant is being sought. See *Preston* v. *United States,* 376 U. S. 364 (1964).

In my view, the more pertinent reasoning — and the reasoning which, given probable cause, would support a warrantless search of the vehicle in this case — is that which examines the extent to which a warrantless search sacrifices Fourth Amendment values. In the circumstances of this case, if probable cause had been shown, the intrusion of a warrantless search was probably less extensive, almost certainly no more extensive, than the intrusion that would accompany the delay and the more elaborate prelude to the procuring of a warrant and a subsequent search. "For constitutional purposes, we see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand

carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment." *Chambers* v. *Maroney, supra,* at 52.