COMMONWEALTH vs. ROSEMARIE BOSWELL. April 10, 1981. The defendant was found guilty of armed robbery and assault and battery by means of a dangerous weapon. She appealed, and we transferred the case to this court on our own motion. The defendant has raised five issues in

this appeal from her convictions, but we will consider only one because this is the second occasion on which this case has been accorded appellate review. In her first appellate appearance (*Commonwealth* v. *Boswell*, 374 Mass. 263 [1978]), initiated by the Commonwealth's interlocutory appeal under G. L. c. 278, § 28E, the court set forth the evidence which need not be repeated here and responded to her claims concerning probable cause for her warrantless arrest by holding that the police officers had probable cause to arrest her and that they were not required, in the circumstances, to seek a warrant. The evidence adduced before the first motion judge, together with his findings and conclusions, was sufficient for this court to apply the law in reaching its conclusion that the arrest was valid. *Commonwealth* v. *Miller*, 366 Mass. 387, 389 (1974). *Commonwealth* v. *Mahnke*, 368 Mass. 662, 666-667 (1975), cert. denied, 425 U.S. 959 (1976). See *Commonwealth* v. *Stevens*, 362 Mass. 24 (1972). Furthermore, in our prior decision this court expressly found that exigent circumstances justified the failure to obtain a warrant before the arrest of the defendant. 374 Mass. at 270-271.

The only live issue in this appeal concerns the first motion judge's application of the principles of *Commonwealth* v. *Antobenedetto*, 366 Mass. 51 (1974). The court in *Antobenedetto* construed *Whiteley* v. *Warden*, *Wyo. State Penitentiary*, 401 U.S. 560 (1971), as requiring State courts to allocate the burden of proof on probable cause for a warrantless search to the Commonwealth. *Commonwealth* v. *Antobenedetto*, *supra* at 55-58. The record in the instant case fails to disclose a violation of *Antobenedetto*. The Commonwealth met its burden of proof.

*Judgments affirmed.*

*Thomas F. Sullivan* for the defendant.

*Sharon D. Meyers*, Assistant District Attorney, for the Commonwealth.