NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

21-P-856

COMMONWEALTH

vs.

JAY B. CHOUTE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury trial in the District Court, the defendant was convicted of unlawfully carrying a loaded firearm, G. L. c. 269, § 10 (n); unlawfully carrying a firearm, G. L. c. 269, § 10 (a); and possession of psilocybin mushrooms, G. L. c. 94C, § 34.[1] Concluding that the search of the automobile was supported by

---

[1] The jury also convicted the defendant of unlawful possession of ammunition. On the defendant's motion, the trial judge entered a required finding of not guilty after the jury verdict on that charge pursuant to Mass. R. Crim. P. 25 (b) (2), as amended, 420 Mass. 1502 (1995). The trial judge provided no explanation for this, nor could there be sufficient evidence that the defendant knowingly carried a loaded firearm but insufficient evidence that defendant knowingly possessed ammunition. To the extent that the judge was motivated by the fact that the conviction of ammunition possession was duplicative of the conviction for unlawfully carrying a loaded firearm, the proper remedy was to set aside the verdict and dismiss the charge. See Commonwealth v. Johnson, 461 Mass. 44, 54, 59 (2011). Accord Commonwealth v. Grayson, 96 Mass. App. Ct. 748, 749 n.1 (2019). In any event, the Commonwealth neither objected nor appealed, so the issue is not before us.

probable cause to find evidence of a larceny, the indicia of drug distribution were properly admitted to show the defendant's knowledge that the firearm was loaded, and the prosecutor did not misstate the evidence, we affirm.

1. The motion to suppress. "In reviewing the denial of a motion to suppress, we '[a]ccept[] the judge's subsidiary findings of fact absent clear error, give[] substantial deference to the judge's ultimate findings and conclusions of law, but independently review[] the correctness of the judge's application of constitutional principles to the facts found.'" Commonwealth v. Quinones, 95 Mass. App. Ct. 156, 158-159 (2019), quoting Commonwealth v. Lujan, 93 Mass. App. Ct. 95, 100 (2018).

The defendant's motion to suppress was properly denied, as the search was supported by "probable cause to believe that a motor vehicle parked in a public place and apparently capable of being moved contain[ed] . . . evidence of a crime." Commonwealth v. Bostock, 450 Mass. 616, 624 (2008). The search here occurred after the defendant stole a smart tablet from the victim's apartment, threatened her, and then fled. In reporting the theft to the police, the victim identified the defendant by name, provided the license plate number of his getaway vehicle, and also reported that, prior to the theft, the defendant had shown her a gun that he kept in a silver lockbox and which was in the vehicle with him. Shortly after dispatch relayed these

2

facts to patrolling officers, officers found the defendant in a parking lot standing behind the open trunk of the vehicle that the victim had described.  These "facts and circumstances within the officer's knowledge," id., quoting Commonwealth v. Miller, 366 Mass. 387, 391 (1974), gave them probable cause to search the vehicle for evidence of the theft that took place minutes earlier.  See Commonwealth v. Hernandez, 473 Mass. 379, 384 (2015) ("officers . . . appropriately concluded that the vehicle . . . contained evidence of [a] crime" where, among other things, "vehicle match[ed] the exact description of the vehicle used in [an] armed robbery").  See also Bostock, supra (probable cause existed where, inter alia, defendant matched witnesses' descriptions and was found "within minutes of the crimes").

We are not persuaded by the defendant's argument that there was no probable cause to continue the search after the officers found the tablet.  The tablet was not the only evidence of the theft.  The report that the police received (and what was relayed to responding officers) was that the defendant threatened the victim and stole the tablet after having shown her a firearm that he kept in a silver lockbox.  The lockbox and firearm both corroborated the victim's report and explained why the defendant's threat was credible.  Accordingly, the officers had probable cause to continue their search of the vehicle for them, which search permissibly included opening the unlocked

3

lockbox. See Hernandez, 473 Mass. at 383-384 (probable cause to search vehicle for evidence justifies searches of closed containers therein). There was no error.

2. Evidence of drug distribution. "Whether evidence is relevant and whether its probative value is substantially outweighed by its prejudicial effect are matters entrusted to the trial judge's broad discretion and are not disturbed absent palpable error." Commonwealth v. Odgren, 483 Mass. 41, 63 (2019), quoting Commonwealth v. Keown, 478 Mass. 232, 242 (2017). Because the defendant moved in limine to exclude this evidence and objected to its admission at trial, the issue is preserved. See Commonwealth v. Gonsalves, 488 Mass. 827, 836 (2022).

The trial judge acted within her discretion in admitting evidence of the defendant's drug dealing, notwithstanding the fact that the defendant was not being tried for distribution.[2] See Gonsalves, 488 Mass. at 836. The defendant was charged with possessing a loaded firearm, an element of which is the defendant's knowledge that the firearm was loaded. See Commonwealth v. Brown, 479 Mass. 600, 601 (2018). Evidence that the defendant was distributing drugs was relevant to his

---

[2] Although the defendant was initially charged with possession with the intent to distribute in violation of G. L. c. 94C, § 32A, a nolle prosequi was entered with respect to that charge.

4

knowledge that the firearm was loaded and his motive for possessing the firearm.  Cf. Commonwealth v. Gomes, 475 Mass. 775, 783 (2016) (drug evidence relevant to defendant's "knowledge, motive, or intent"); Commonwealth v. Young, 382 Mass. 448, 463 (1981) (evidence of drug dealing relevant to motive).  Where the Commonwealth offered the evidence for these permissible purposes, it was admissible unless "its probative value [wa]s outweighed by the risk of unfair prejudice." Gonsalves, supra, quoting Commonwealth v. Crayton, 470 Mass. 228, 249 (2014).

We are not persuaded by the defendant's argument that the trial judge did not conduct that balancing thoroughly enough and thus erred in admitting the evidence.  The transcript reveals an engaging discussion between the parties and the judge about the evidence's probative value and prejudicial effect, and the judge ultimately denied the motion and overruled the defendant's objections because she found the evidence "relevant, and not overly prejudicial."  The defendant's objections also provided the judge with opportunities to consider the issue anew.  We discern no error in the judge's exercise of her discretion.

Furthermore, the judge appropriately instructed the jury that this evidence was relevant "solely on the limited issue of the Defendant's knowledge and motive" and that they could not consider it "for any other purpose," including "as proof that

5

the Defendant has any kind of criminal personality or bad character."  Because we presume that the jury properly followed this instruction, any potential prejudice was sufficiently neutralized.  See Commonwealth v. Bryant, 482 Mass. 731, 737 (2019).[3]

3.  The opening statement and closing argument.  The defendant primarily takes issue with the prosecutor's statements concerning what the defendant was doing when the police arrived and the defendant's reactions to that arrival.[4]  The defendant objected, and so we review for prejudicial error.  See Commonwealth v. Cash, 101 Mass. App. Ct. 473, 480 (2022).

The prosecutor's remarks about the defendant's actions when the police arrived were fairly supported by the evidence.  In an opening statement, a prosecutor "may reference anything that [the prosecutor] reasonably believes in good faith will be proved by [the] evidence."  Commonwealth v. DePina, 476 Mass. 614, 627 (2017).  Here, the prosecutor stated in opening that

---

[3] The defendant relatedly contends that the judge should also have given a limiting instruction when the evidence was admitted.  Although this may have been the "[b]est practice," it was not required, as "[t]he timing of a limiting instruction is . . . ultimately in the discretion of the trial judge."  Bryant, 482 Mass. at 737.

[4] The defendant also argues that the prosecutor misstated evidence in arguing that a housing rental application bearing the defendant's name was found in a backpack.  This argument is without merit, as the prosecutor's statement mirrored officer testimony that the document was found "in the main compartment of the backpack."

the defendant was "standing at the back of the vehicle with the trunk open, his hands in the trunk, and a backpack."  This remark was in fact supported by a video exhibit of the defendant's interaction with the officers, which shows the events unfolding as the prosecutor described.  This same evidence also supports the prosecutor's closing argument questioning whether the defendant's actions "look[ed] like a person who's not digging through a backpack."  See Commonwealth v. Rutherford, 476 Mass. 639, 643 (2017).

Similarly, we discern no error in the prosecutor's closing argument remark that the defendant appeared "surprised" when the police arrived because he had been caught "red-handed."  The video footage shows that the defendant appeared flustered upon noticing the police -- with his gaze shifting between responding officers before ultimately turning to access the trunk again.  Accordingly, the prosecutor's remark reflects a "reasonable and

possible" inference from the evidence.  Commonwealth v. Parker, 481 Mass. 69, 74 (2018).

Judgments affirmed.

By the Court (Milkey,
  Ditkoff & Englander, JJ.[5]),

Joseph F. Stanton

Clerk

Entered:  February 23, 2023.

---

[5] The panelists are listed in order of seniority.