COMMONWEALTH *vs.* PEDRO ALABARCES, JR. October 30, 1981. The defendant appeals from his conviction on an indictment charging him with intent to distribute heroin in violation of G. L. c. 94C, § 32. A suppres-

sion motion, claiming that the warrantless search was illegal because the arrest was not based on probable cause, was heard and denied. That denial is the main issue before us on appeal.

As the United States Supreme Court has instructed, police officers have probable cause for a warrantless arrest where "the facts and circumstances within their . . . knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that" an offense has been or is being committed. *Brinegar* v. *United States*, 338 U.S. 160, 175-176 (1949), quoting *Carroll* v. *United States*, 267 U.S. 132, 162 (1925). There must be more "than mere suspicion," *Wong Sun* v. *United States*, 371 U.S. 471, 479 (1963); yet there may be less than proof beyond a reasonable doubt. *Brinegar* v. *United States*, *supra* at 175. Probable cause is a "plastic concept whose existence depends on the facts and circumstances of the particular case." *Bailey* v. *United States*, 389 F.2d 305, 308 (D.C. Cir. 1967). Generally, in "judging the reasonableness of the actions of the arresting officer the circumstances before him are not to be dissected and viewed singly; rather they must be considered as a whole." *United States* v. *Young*, 598 F.2d 296, 298 (D.C. Cir. 1979).

The sum of the testimony heard by the judge was that a police officer was on drug surveillance and saw the defendant talk to a white male on a street corner, disappear into an apartment building, reappear and give the white male "something" in exchange for money. Twenty minutes later, the defendant had a conversation with two black males in an automobile and appeared to direct the car to pull into a side street. The car left when an unmarked cruiser moved in. The defendant came out of the building, looked toward the unmarked cruiser and started to walk away. At that point, the defendant was arrested and searched.

From the evidence we conclude that the arrest of the defendant was not based on probable cause. Comparing the facts in this case with "observation" cases wherein the courts have found probable cause, we note the absence of any evidence in the record that the defendant was observed in an area of high crime or narcotic activity. Compare *United States* v. *Davis*, 561 F.2d 1014, 1016 (D.C. Cir.), cert. denied, 434 U.S. 929 (1977); *Commonwealth* v. *Avery*, 365 Mass. 59, 61 (1974); *Commonwealth* v. *Ortiz*, 376 Mass. 349, 354 (1978). There was no evidence that the defendant was known to the police as a user or supplier of narcotics. Compare *Commonwealth* v. *Mitchell*, 353 Mass. 426, 428 (1967), nor any evidence of possible prior criminal activity regarding the three persons with whom the defendant had been associating. Compare *Commonwealth* v. *Ortiz*, *supra* at 354. The police in this case were not relying on an informant's tip. Compare *Commonwealth* v. *Snow*, 363 Mass. 778, 782-783 (1973). *Commonwealth* v. *Avery*, *supra* at 63. Accordingly, the evidence seized as a result of the illegal arrest should have been suppressed.

Since it is clear that the Commonwealth has no reasonable prospect of making its proof without reference to the suppressed evidence, judgment must be entered for the defendant. *Commonwealth* v. *Taylor*, 383 Mass. 272, 285 n.17 (1981).

> *Judgment reversed.*
> *Verdict set aside.*
> *Judgment for the defendant.*

*David A. Robinson* for the defendant.

*Dianne M. Dillon*, Assistant District Attorney, for the Commonwealth.