COMMONWEALTH *vs.* JOHN W. McSHAN, JR. January 13, 1983. The defendant appeals from his conviction on a complaint charging possession of a controlled substance (marihuana) with intent to distribute. See G. L. c. 94C, § 32E.

1. As the Commonwealth concedes that the instant search cannot be sustained under the "stop and frisk" rationale (see *Terry* v. *Ohio,* 392 U.S. 1 [1968]), we must determine whether there was probable cause to arrest the defendant without a warrant, and to conduct a search incident to the arrest. Our review in such circumstances turns on the question whether at the moment the arrest was made the reasonable inferences to be drawn from the observable facts warranted and officer's belief that the defendant had committed, was committing, or was about to commit a crime. See *Beck* v. *Ohio,* 379 U.S. 89, 91 (1964), and cases cited.

2. A majority of the panel conclude that the record sustains such a "belief reasonably arising out of [the following] circumstances known to the seizing officer." *Commonwealth* v. *Ortiz,* 376 Mass. 349, 354 (1978). The defendant was in a group with six other persons standing in a doorway to a lounge. The officer observed several members of the group (but not the defendant) passing and smoking marihuana cigarettes. The officer had experience in drug cases, and he testified that he could detect use of marihuana when he saw it and smelled it. The officer had also observed the defendant and another person exchange unidentified items. When the officer and another officer approached the group, a bag of marihuana was found near the person with whom the defendant had made the exchange. Half-smoked marihuana cigarettes were also found on the ground near the group. Contrast *Ybarra* v. *Illinois,* 444 U.S. 85, 91 (1979). The officer was aware that this was a "high crime area" and an area of "high narcotic activity." Contrast *Commonwealth* v. *Alabarces,* 12 Mass. App. Ct. 958 (1981), *S.C.* 385 Mass. 1012 (1982). A reasonable person could conclude on these facts that the defendant and the other person had exchanged drugs and that the person given the marihuana had dropped it on the ground to avoid its detection when he saw the officers approaching the group.

3. The motion for a required finding of not guilty was properly denied, as the evidence of intent to distribute met the requirements of *Commonwealth* v. *Latimore,* 378 Mass. 671, 677 (1979). In the defendant's jacket pockets the officers found twelve rolled marihuana cigarettes

and two "baggies" similar to the one found on the ground. In addition, the defendant had between eighty and one hundred dollars in neatly folded bills in his left-front pants pocket (all of which were in tens and twenties), and a lesser amount of crumpled singles and tens in his right-front pocket where the officer saw him place his portion of the exchange. The other party to the exchange did not have any contraband on him (nor apparently any money worth noting). In such circumstances the Commonwealth was not relying on amount or packaging alone to prove beyond a reasonable doubt that the defendant intended to distribute the twelve cigarettes and two "baggies" of marihuana. For discussion of other factors supporting intent to distribute, see *Commonwealth* v. *Wooden*, 13 Mass. App. Ct. 417, 423-424 (1982), and cases cited.

4. The judge committed reversible error when he did not permit defense counsel to inquire of the police officer on cross-examination whether the amount of marihuana found on the defendant was consistent with personal use. See *Commonwealth* v. *Wooden, supra* at 432 ("Notwithstanding his expertise, [the officer] offered no information concerning the use of marihuana and cocaine from which it could be inferred that the gram weight of the drugs was more consistent with distribution than personal use"). See also *Commonwealth* v. *Huffman*, 11 Mass. App. Ct. 185, 190 (1981) (reversible error not to permit a defendant to testify about his intentions with respect to the marihuana seized), *S.C.* 385 Mass. 122 (1982).

*Judgment reversed.*

*Verdict set aside.*

*Michael S. Gallagher* for the defendant.
*Jane Shepard*, Assistant District Attorney, for the Commonwealth.